[Crim. No. 4165. In Bank.—September 29, 1938.]

THE PEOPLE, Respondent, v. NICK MEGUGORAC, Appellant.

Peter T. Rice for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

SEAWELL, J.—The defendant was convicted in the Superior Court of the County of Los Angeles of murder of the first degree and his punishment was fixed by the jury at life imprisonment at the state prison. His appeal, taken to the Second Appellate District, Division Two, District Court of Appeal, was dismissed by order of said court on the grounds that appellant had failed to file within five days after giving notice of appeal, with the clerk, and present to the trial court an application designating the portions of the phonographic reporter's notes necessary to be transcribed to fairly present the points he desired to urge on appeal, as required by section 7, rule II, Rules for the Supreme Court and the several District Courts of Appeal.

The defendant announced in open court at the time judgment was pronounced (December 20, 1937) that he appealed from the order denying his motion for a new trial and from the judgment pronounced against him. He failed, however, to file within five days thereafter an application designating the portions of the phonographic reporter's notes necessary to be transcribed fairly to present the points he desired to urge on appeal, as in said rule prescribed. The designation was supplied some ten days later and the reporter's transcript was served on the district attorney January 10, 1938, approximately fourteen days after notice of appeal was filed. None of the parties appear to have suffered any prejudice by the brief delay.

The question presented may be thus phrased: "Does a failure to file with the clerk and present an application to the trial court designating the portions of the phonographic reporter's notes necessary to be transcribed on appeal within the time prescribed in section 7 of rule II, *supra,* deprive the appellate court of jurisdiction to hear the appeal?"

*People* v. *Lewis,* 219 Cal. 410, 414 [27 Pac. (2d) 73], is cited as authority to sustain respondent's claim that the court was without jurisdiction to entertain the appeal, and it was accordingly dismissed. Appellant, on the other hand, relies on *People* v. *Bryant,* 207 Cal. 450 [278 Pac. 1025], as an authority supporting his contention that the failure to com-

ply with the letter of the requirements of the rule does not deprive the court of jurisdiction.

There is a distinction between the questions presented in the two cases. In the Bryant case, which in principle is on all fours with the question presented in the instant case, a majority of the members of this court was of the view that the court was not deprived of its power on jurisdictional grounds to apply the provisions of section 7, rule II, *supra,* by reason of the concluding clause of said rule, which provides, if such application is not filed within the time prescribed, that the appeal shall be dismissed "provided that the appeal shall not be dismissed for any defect in the statement of such grounds or points which does not affect the substantial rights of the respondent". This court was of the view that no substantial rights of respondent would be affected by a denial of the motion to dismiss and allowed the appeal. The appellant in that case had failed to comply with those particular portions of section 1247, Penal Code, which provide that the application filed with the clerk, etc., should contain a statement in general terms as to "the grounds of the appeal and the points upon which appellants rely". In view of the holding that there was a substantial compliance with section 1247, Penal Code, and, in view of the further fact that the conditionally repealed section (sec. 1247, Pen. Code) was in a form which might readily mislead appellant, the court was of the opinion that the appeal should be heard on its merits. The decision further emphasized the policy of the court to hear appeals upon the merits and to avoid, if possible, all forfeiture of substantial rights upon technical grounds.

The Lewis case is factually different from the Bryant case and is controlled by a different rule of law. In the Lewis case no appeal was taken orally or by written notice. One Crist and Lewis were jointly tried and convicted. Crist gave notice of appeal within the statutory period. Two days after the time had expired for filing notice of appeal Lewis filed such a notice. A motion to dismiss his appeal was made in the appellate court and was continued from time to time at the request of Lewis until April 22, 1933, at which time a motion was made for diminution of record. The diminution proceeding resulted in the superior court amending or reforming the notice of appeal by a *nunc pro tunc* order direct-

ing insertion of the words "and C. K. Lewis" after Crist's name in the notice of appeal prepared by the latter December 2, 1932, approximately three months after the same had been filed.

The only ground assigned in support of said order reforming the original Crist notice of appeal was "good cause appearing therefor", but no cause was apparently shown to sustain the recital in the order that Lewis' name was "improperly omitted" from the notice of appeal filed by Crist. Suffice it to say this court held that the requirements as to the time for filing notices of appeal are mandatory and jurisdictional in both civil and criminal actions, citing a long list of decisions of this court and our appellate court decisions sustaining our adjudication of the question.

The only question presented in the Lewis case was whether Lewis had taken an appeal at all and no question was raised as to what subsequent or subsidiary acts or orders were necessary to complete an appeal which had a jurisdictional background as its initial basis. In discussing the only question presented in the Lewis record, we did by quotation, inadvertently, include the entire subject-matter set forth in the rule by the use of general language which well may have given grounds for the learned author of the main opinion filed by the District Court of Appeal to have understood that the precise matter now before us was intentionally included by what was said in that case. Our language should have been confined to the sole question there presented, to wit: "a tardy notice of appeal", as shown by the facts and circumstances of the case presented. In such circumstances what was said in the Lewis case cannot be taken as a reversal of the rule announced in the Bryant case.

The motion to dismiss the appeal is denied.

Shenk, J., Waste, C. J., Langdon, J., and Curtis, J., concurred.