[Crim. No. 11898.   In Bank.   June 24, 1968.]

In re EARL FLOYD PARKER on Habeas Corpus.

Richard T. Sykes for Petitioner.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and Stuart Goldfarb, Deputy City Attorney, for Respondent.

TRAYNOR, C. J.—On June 16, 1967, the Los Angeles Municipal Court entered judgment on a jury verdict finding petitioner guilty of misdemeanor drunk driving (Veh. Code, § 23102), and on June 21, sentenced him to 20 days in jail and imposed a $300 fine or another 30 days. His counsel filed a timely notice of appeal (Cal. Rules of Court, rule 182 (a)), but filed his proposed statement on appeal four days late. (Cal. Rules of Court, rule 184(d).)[1] His subsequent attempts

---

[1]California Rules of Court, rule 183(a), specifies that among the contents of the record on an appeal to a superior court from a municipal court in a criminal case shall be "10. Any statement or transcript on appeal, or both, settled and certified by the trial judge as hereinafter provided for in rules 184 and 187."

Rule 184(a) provides that "Where a consideration of the evidence or any part thereof . . . is necessary to a determination of the appeal, the same must be set forth in a statement on appeal settled and certified as provided in these rules, and if not so set forth, it shall be presumed that they were such as to support the judgment or order appealed from. If all or any part of such evidence or other proceedings was reported by an official reporter, the appellant may give notice in his proposed statement that he intends to file a reporter's transcript of the evidence and proceedings so reported, and to make the same a part of the statement, and if he gives such notice he may omit any other statement of the evidence and proceedings so reported from his proposed statement."

Rule 184(b) provides that the statement shall specify the grounds for appeal and so much of the evidence as is necessary for a decision on those grounds.

Rule 184(d) provides that "If the appellant desires to have a state-

to obtain relief from that default in the appellate department of the superior court and in the Court of Appeal were unsuccessful. Petitioner commenced serving his 20-day sentence and then sought a writ of habeas corpus in the Court of Appeal. After that court denied his petition he sought relief in this court. We issued an order to show cause and ordered petitioner released on his own recognizance pending our decision herein.

The relevant facts are not in dispute. The grounds for appeal set forth in petitioner's statement on appeal were insufficiency of the evidence to sustain the conviction, erroneous evidentiary rulings, erroneous jury instructions, and improper comments by the trial judge. The statement gave notice that petitioner intended to prepare and file a reporter's transcript of the trial. On July 7 counsel filed a timely notice of motion for relief from his default in filing the statement on appeal. (Cal. Rules of Court, rule 186(b).)[2] In his declaration in support of the motion counsel stated that ''I was under the mistaken belief that the Rules provided ten days for the filing of such statement. I was wrong. There is a meritorious defense to this appeal as evidenced by the Statement on Appeal, a copy of which is attached hereto and incorporated by reference in this declaration.''[3] The appellate department denied the motion without comment on August 1. On August 10 counsel filed a motion to reconsider the ruling accompanied by points and authorities, again citing his mistaken belief that the rules provided 10 days for the filing of the proposed statement on appeal and explaining that ''I either misread this rule or perhaps my eyesight has deteri-

---

ment settled, he shall, within five days after filing notice of appeal, serve on the respondent and file with the trial court a proposed statement on appeal. If in such proposed statement appellant gives notice that a reporter's transcript is to be filed and made a part thereof, as provided in subdivision (a) of this rule, he may file or cause to be filed, within 15 days after the filing of his proposed statement, a transcript of the evidence . . . reported by an official reporter, certified by that reporter to be correct. .. . . Any such transcript, when settled and certified as provided in rule 187, shall be deemed and become a part of the statement. . . . If the appellant fails to serve and file a proposed statement on appeal within the time limited by these rules . . . his right to have such a statement settled and certified shall forthwith terminate.''

. Rule 187 provides the procedure for settling the statement or transcript, or both.

. 2''The superior court may for good cause relieve a party from a default occasioned by any failure to comply with these rules . . . provided that application for such relief must be made within 30 days.

. 3The notice of motion for relief also indicated that the reporter's transcript had been prepared and sent to the trial court for filing.

orated to the point where I need glasses.''[4] The appellate division denied the motion on August 25 on the ground that ''Due diligence [was] not exercised in filing [the] motion for reconsideration. (Cf. rule 107(c), California Rules of Court.)''[5] On October 2 counsel filed an opening brief on appeal, contending only that rule 107(c) did not apply and that the record should be augmented with the transcript, which by then had been prepared and filed with the trial court. (Cal. Rules of Court, rule 189.)[6] Counsel also requested an extension of time to file a supplemental brief when the reporter's transcript was filed. The appellate department affirmed the conviction on November 20, noting that no reason appeared for permitting indirectly what it had twice before refused to do directly, that the case was before it on the merits, and that no brief or argument on the merits had been presented. On November 27 the court denied a rehearing but granted a petition for certification to the Court of Appeal. (Cal. Rules of Court, rule 63.)[7] On December 5

[4]Counsel added: ''I recall reading all of Rule 184 on the day after the notice of appeal was filed. I read the rule from a book prepared by the Daily Journal and that book truly recites that the time limitation is five days. The print however is somewhat small. I honestly and mistakenly misinterpreted that print and honestly and mistakenly believed that I had ten days in which to file said statement. I am 43 years of age and have never worn glasses. I have noticed recently that some print seems to be getting difficult to read. As an example, I detected a difficulty in reading the Social Services information card in connection with a recent matter. A copy of that card is attached hereto as Exhibit A.''

[5]''A petition for rehearing must be . . . filed within seven days after the judgment shall have been pronounced. . . .''

[6]''On a sufficient showing by affidavit, or otherwise, that evidence was taken or proceedings were had in the trial court or that papers are there on file which are material to a disposition of the appeal and are not included in the record on appeal, and a showing of good cause why the same have not been included in said record, the superior court may authorize the trial judge to make a further certificate as to such evidence or other proceedings or papers, and direct the same, when so certified, to be added to the record.''

[7]The certification was for the purpose of settling the following important questions of law:

''(1) In a criminal case where defendant has been represented throughout by private counsel who failed to file a Statement on Appeal within five days as required by Rule 184, California Rules of Court, and where a petition for relief from default under Rule 186(b), California Rules of Court, has been made within thirty days after the default, is good cause shown requiring the court to grant relief when counsel's only reason for not making a timely filing was his 'mistaken belief that the rules provided ten days for the filing of such statement' and whose only explanation of said mistaken belief was 'I either misread this rule or perhaps my eyesight has deteriorated to the point I need glasses'?

''(2) Where the cause is before the court on the merits after due notice of time and place of hearing and time for filing briefs, and appel-

760

the Court of Appeal denied the transfer. (Cal. Rules of Court, rule 62(c).) The municipal court filed the remittitur on December 21, and petitioner commenced serving his sentence on January 25, 1968.

█ In the absence of another adequate remedy, habeas corpus lies to correct the erroneous denial of a right to an effective appeal. (*In re Martin* (1962) 58 Cal.2d 133, 140-141 [23 Cal.Rptr. 167, 373 P.2d 103]; *In re Byrnes* (1945) 26 Cal.2d 824, 826-828 [161 P.2d 376].) Petitioner has no other adequate remedy. Since the appellate department had already denied him relief from default on several occasions, it would have been futile to request that court to recall its remittitur. Although the appellate department affirmed the judgment instead of dismissing the appeal, it denied an effective appeal by deciding the appeal on a record that did not include the transcript necessary to permit petitioner to present his only claims of error. █ Accordingly, the crucial question is whether the appellate department abused its discretion in denying petitioner relief under rule 186(b) from the default of his attorney in filing his proposed statement on appeal four days late. We hold that it did.

█ "The policy of appellate courts [should be] 'to hear appeals upon the merits and to avoid, if possible, all forfeiture of substantial rights upon technical grounds.' (*People* v. *Megugorac* (1938) 12 Cal.2d 208 [82 P.2d 1108].)'' (*In re Martin, supra*, 58 Cal.2d 133, 139.) █ A review of the varied facts of the many cases that have invoked this policy to grant relief from default has convinced us that it likewise applies here. (See, e.g., *People* v. *Camarillo* (1967) 66 Cal.2d 455, 458 [58 Cal.Rptr. 112, 426 P.2d 512]; *People* v. *Curry* (1965) 62 Cal.2d 207, 210 [42 Cal.Rptr. 17, 397 P.2d 1009]; *In re Martin, supra*, 58 Cal.2d 133, 139-141; *Strong* v. *Mack* (1943) 58 Cal.App.2d 805, 810 [137 P.2d 748]; *People* v. *Carpenter* (1939) 36 Cal.App.2d Supp. 760, 761 [93 P.2d 276]; *People* v. *Megugorac, supra*, 12 Cal.2d 208, 209; *Jarkieh* v. *Badagliacco* (1945) 68 Cal.App.2d 426, 431-433 [156 P.2d 969].) No jurisdictional time limit is involved; counsel's mistaken belief that he had 10 instead of 5 days to file the proposed statement, although not to be condoned, was not so serious as to compel the denial of an effective and meaningful

lant's brief makes no mention of the merits of the case but is devoted entirely to procedural matters on appeal in connection with his attempt to obtain relief from default, may the court properly proceed with the disposal of the case on the merits?''

appeal; judges as well as attorneys sometimes misread the technical rules of appellate procedure; counsel candidly admitted his mistake; petitioner was hardly at fault for his counsel's mistaken belief; the delay of four days in the filing of the statement was not detrimental to the city attorney or to any one else.

■ The city attorney, invoking rule 107(c) (*supra*, fn. 5) contends that petitioner is precluded from challenging the appellate department's denial of relief from default on the ground that he delayed for nine days before seeking reconsideration of the first ruling denying relief. Rule 107(c), however, applies only to petitions for rehearing after judgment, and petitioner's counsel had no reason to believe that the court might apply it to applications before judgment for reconsideration of relief from default. In the absence of any rule governing the time for such applications, petitioner's filing within nine days was reasonable and timely.

Petitioner is entitled to the relief he seeks and the writ is therefore granted. The Appellate Department of the Superior Court for Los Angeles County is directed to recall its remittitur, vacate its judgment, permit petitioner to file a statement on appeal, and proceed accordingly thereafter. Petitioner shall remain at large on his own recognizance until his appeal is finally determined.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.