[Crim. No. 11587.   In Bank.   July 8, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ALFREDO PACHECO ACOSTA, Defendant and Appellant.

Alfredo Pacheco Acosta, in pro. per., and Don Edgar Burris, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Marjory Winston Parker, Deputy Attorneys General, for Plaintiff and Respondent.

PETERS, J.—Petitioner seeks an order permitting him to file a late notice of appeal pursuant to rule 31(a) of the California Rules of Court. ■ Rule 31(a) requires that notice of appeal in a criminal case be filed within 10 days after rendition of judgment but empowers appellate courts to grant relief from default in proper cases. This power is to be liberally exercised to protect the right to appeal. (*People* v. *Camarillo,* 66 Cal.2d 455, 456 [58 Cal.Rptr. 112, 426 P.2d 512]; *People* v. *Ruch,* 65 Cal.2d 138, 139 [52 Cal.Rptr. 585, 416 P.2d 817]; *People* v. *Casillas,* 61 Cal.2d 344, 345-346 [38 Cal.Rptr. 721, 392 P.2d 521]; cf. *In re Parker,* 68 Cal.2d 756, 760 [69 Cal.Rptr. 65, 441 P.2d 905].) ■ "The policy of appellate courts . . . is to hear appeals on the merits and to avoid, where possible, forfeitures of substantial rights on technical grounds. The interest of the state that justice be done in criminal cases reinforces an appellant's claim that his appeal be considered on the merits." (*People* v. *Casillas, supra,* at p. 346.) Petitioner has presented a proper case for relief.

In 1966, petitioner was charged with four counts of first degree murder (Pen. Code, §§ 187-189). He pleaded not guilty and not guilty by reason of insanity. At his trial before the Superior Court of Kern County in February of 1967, he was represented by appointed counsel, Thomas P. Daly, Jr. The court found petitioner guilty on all four counts and on March 2, 1967, sentenced him to life imprisonment on each count.

On August 23, 1967, petitioner filed an application for leave to file a late notice of appeal on the grounds (1) that his trial counsel failed to advise him of his right of appeal; (2) that his trial counsel failed to instruct petitioner how to file a timely notice of appeal in his own behalf; and (3) that on the advice of a fellow inmate he made two written requests within 10 days after judgment that his attorney visit him at the Kern County jail in order to discuss further proceedings but that there was no response from the attorney.

To ascertain the facts relevant to petitioner's request for relief we appointed the Honorable Irving H. Perluss, Judge of the Superior Court of Sacramento County, as referee for this court and directed him to conduct an evidentiary hearing.

We appointed counsel to represent petitioner in connection with this hearing.

The evidence adduced at the referee's hearing may be summarized as follows: Petitioner, who speaks very little English and testified through a Spanish-speaking interpreter, stated that he did not know at any time before or within the 10 days after judgment what an appeal was; that prior to sentencing his attorney, Daly, offered to file an appeal for $10,000 but did not explain what an appeal was; that at the beginning of the week he spent in the county jail after sentencing a fellow inmate recommended he try to contact his attorney when he asked "Well, am I not going to court? Am I not going to go before the Judge any more?"; and that he then sent two messages to Daly on standard forms provided by the jail; and that Daly never responded to the messages.

Conrado Martinez, who admitted suffering a felony conviction for forgery in Texas, testified that he was the inmate in the county jail to whom petitioner referred. His testimony was in accord with petitioner's version of their encounter.

Innocencio Hernandez, who admitted suffering three felony convictions for possession of narcotics, testified that he was petitioner's cell mate at Folsom and had been ever since petitioner was transferred there from the county jail; that when he asked petitioner if he had appealed petitioner replied he did not know what an appeal was; and that, based on conversations with petitioner concerning his case, he prepared the petition for relief under rule 31(a).

Daly testified that he never asked petitioner for $10,000 for an appeal but that he discussed with petitioner both before and within 10 days after sentencing petitioner's appeal rights, the 10-day limitation on filing a notice of appeal, and his (Daly's) reservations regarding the existence of grounds for an appeal; that his discussion of an appeal with petitioner within 10 days after sentencing occurred during a visit with petitioner in the county jail which he made in response to a message he received from petitioner; that petitioner's only concern at that visit was with the disposition of his minor children; and that although he told petitioner of his appeal rights, he could not "say with complete certainty that the words penetrated" in view of petitioner's "emotional and mental condition" which caused Daly to have "difficulty getting through to him . . . all through our relationship."

The referee in accordance with Daly's testimony found that Daly advised petitioner of his appeal rights before and within

the 10-day period following judgment, that petitioner did not request Daly to file an appeal, and that petitioner was *not aware* of his appeal rights during this time. These findings, although not binding on this court, are entitled to great weight. (*In re Notz,* 62 Cal.2d 423, 425 [42 Cal.Rptr. 321, 398 P.2d 593].) They are supported by undisputed evidence and by the weight of the credible evidence where the evidence is conflicting, and they are adopted as the findings of this court. (*People* v. *Ruch, supra,* 65 Cal.2d 138, 143; *People* v. *O'Neil,* 64 Cal.2d 666, 671 [51 Cal.Rptr. 250, 414 P.2d 378].)

In exercising its power to determine the circumstances which warrant granting a defendant relief from his failure to file a timely notice of appeal (*People* v. *Casillas, supra,* 61 Cal.2d 344) this court has established the following general rules: A defendant is entitled to relief, absent grounds for waiver or estoppel, where he makes a timely request of his trial attorney to file an appeal, thereby placing the attorney under a duty to file it, instruct defendant how to file it, or secure other counsel for him (*People* v. *Camarillo, supra,* 66 Cal.2d 455; *People* v. *Tucker,* 61 Cal.2d 828 [40 Cal.Rptr. 609, 395 P.2d 449]); or where defendant's trial attorney makes a timely promise to file an appeal, thereby invoking reasonable reliance on the part of the defendant (*People* v. *Flanagan,* 62 Cal.2d 63 [41 Cal.Rptr. 85, 396 P.2d 389]; *People* v. *Johnson,* 61 Cal.2d 843 [40 Cal.Rptr. 708, 395 P.2d 668]).

A defendant is also entitled to relief where he "has diligently sought to file a timely notice [himself] but has been frustrated due to some default on the part of public officials charged with the administration of justice, . . ." (*People* v. *Martin,* 60 Cal.2d 615, 617 [35 Cal.Rptr. 769, 387 P.2d 585] [court misled defendant into delaying his appeal]; accord, *People* v. *Head,* 46 Cal.2d 886 [299 P.2d 872]; *People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868].)

However, a defendant is not entitled to relief from his failure to file a timely notice of appeal where the trial attorney does not promise to appeal and the defendant fails to either make a timely request that his attorney file an appeal or make a timely attempt to file a notice of appeal himself. (*People* v. *Abrams,* 67 Cal.2d 821 [63 Cal.Rptr. 723, 433 P.2d 731]; *People* v. *Ruch, supra,* 65 Cal.2d 138.) In *People* v. *Hatten,* 64 Cal.2d 224, 227-229 [49 Cal.Rptr. 373, 411 P.2d 101], we held that this rule, denying relief in cases of inaction, applies even where the defendant's inaction is due to

ignorance of procedures incident to an appeal (such as the 10-day filing period) or ignorance of the right to appeal itself.

We have reconsidered the *Hatten* decision and have decided that it is at odds with this court's policy of liberally exercising its power, under rule 31(a), to grant relief in appropriate cases from default in filing a timely notice of appeal (*People v. Camarillo, supra,* 66 Cal.2d 455, 456). Accordingly, it is overruled. The decision in this case rests upon this court's discretionary power under rule 31(a).

A convicted criminal defendant has a statutory right to appeal. (Pen. Code, §§ 1237, 1466, subd. 2; *People v. Tucker, supra,* 61 Cal.2d 828, 832; see Witkin, Cal. Criminal Procedure (1963) § 639, p. 630.) While it is not only proper but desirable that there should be a limited period of time following the judgment or other appealable order within which to file an appeal (see *United States v. Robinson,* 361 U.S. 220 [4 L.Ed.2d 259, 80 S.Ct. 282]), "[t]he first requirement of any waiver of statutory or constitutional rights . . . is that it be knowingly and intelligently made." (*In re Walker, ante,* pp. 54, 57 [77 Cal.Rptr. 16, 453 P.2d 456].)

Furthermore, we have consistently interpreted rule 31(a) as meaning that "whenever possible, [this court] should exercise the jurisdiction conferred upon it by rule 31(a), and grant relief, as a matter of policy, from the late filing of the notice [of appeal]." (*People v. Tucker, supra,* 61 Cal.2d 828, 832.) This interpretation of rule 31(a) follows from our conviction that "The interest of the state that justice be done in criminal cases reinforces an appellant's claim that his appeal be considered on the merits." (*People v. Casillas, supra,* 61 Cal.2d 344, 346.)

*Hatten* is inconsistent with the spirit of rule 31(a) as interpreted by this court. It holds, in effect, that a convicted defendant waives his right to appeal if, in ignorance of the right or of the 10-day period for filing a notice of appeal he fails to file a notice of appeal within that 10-day period.[1] Such a doctrine frustrates the goal of having appeals heard on the merits rather than dismissed on the basis of technical-

---

[1]It is doubtful whether a trial attorney or an attorney actually representing a convicted defendant during the 10-day period following judgment can effectively waive his client's right to appeal without the client's informed authorization. (See *Wainwright v. Simpson* (5th Cir. 1966) 360 F.2d 308, 309; cf. *Fay v. Noia,* 372 U.S. 391, 439-440 [9 L.Ed.2d 837, 869-870, 83 S.Ct. 822]; *People v. Douglas,* 61 Cal.2d 430, 434-435 [38 Cal. Rptr. 884, 392 P.2d 964]; compare *People v. Hill,* 67 Cal.2d 105, 114-115 [60 Cal.Rptr. 234, 429 P.2d 586].)

ities which reflect neither a conscious decision not to appeal nor inexcusable delay.

It is particularly harsh to deny the precious right to appeal to ignorant defendants for two additional and related reasons. First, unlike federal trial judges, California trial judges are not presently required to inform convicted defendants of their right to appeal.[2] Second, many such defendants are not informed by their retained or appointed counsel of their right to appeal. (See generally, *People* v. *Tucker, supra,* 61 Cal.2d 828, 831-832; Polsky, *The Problem of Adequate Representation of Indigent and Other Defendants in Criminal Cases* (1964) 36 F.R.D. 129, 154.)

In *Hatten* we expressed concern that "if a mere showing of ignorance is sufficient to bring into operation the beneficent provisions of rule 31(a) then the 10-day provision of that rule becomes practically meaningless because a defendant's evidence of ignorance would be almost impossible to rebut." (64 Cal.2d 224, 229.) That statement was too broad. In the first place, the problem of rebutting a claim of ignorance will almost certainly be obviated whenever the record contains an acknowledgement by the defendant that he has been informed of his right to appeal. Although neither trial judges nor trial counsel are presently required by the California Rules of Court to inform convicted defendants of their appeal rights (see fn. 2 *ante*; compare *People* v. *Montgomery* (N.Y.Ct.App. Feb. 27, 1969) 4 Crim.L.Rptr. 2524 [rules of court require attorneys in New York to inform defendants of appeal rights]), either practice will obviously stifle spurious claims of ignorance.

There are other situations in which a defendant's claim of ignorance might fail despite the rule that reasonable doubts as to the veracity of a petitioner's allegations in a rule 31(a) matter should be resolved in favor of the petitioner to protect the right to appeal (e.g., *People* v. *Davis,* 62 Cal.2d 806, 808 [44 Cal.Rptr. 441, 402 P.2d 129]; see also *In re Thornton,* 64 Cal.2d 484, 485-486 [50 Cal.Rptr. 556, 413 P.2d 156] (*semble*)). A defendant who has suffered prior convictions and has

---

[2] Rule 32(a)(2) of the Federal Rules of Criminal Procedure, which took effect in July 1966, several months after the *Hatten* decision, provides: "After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal . . . . If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant."

California presently has no rule requiring trial judges to inform convicted defendants of their right to appeal. (See generally, Report of Appellate Court Committee, Meeting of Judicial Council of the State of California (Nov. 26, 1965) pp. 6-7.)

appealed these convictions would bear a heavy burden in establishing ignorance of appeal rights and procedures absent unusual circumstances. Also, a petitioner whose allegation of ignorance is not only refuted by his trial counsel but also by fellow inmates, prison officials, acquaintances, or perhaps even by his own inconsistent statements, may find that there is no "reasonable doubt" to be resolved in his favor. (See *In re Thornton, supra.*) Finally, it is pertinent to observe that any significant delay between sentencing and the filing of a petition for relief from a late filing under rule 31(a) must be reasonably explained or the doctrines of waiver and estoppel will be invoked to deny relief. (E.g., *People* v. *Curry,* 62 Cal.2d 207, 212 [42 Cal.Rptr. 17, 397 P.2d 1009]; *People* v. *Davis, supra,* at p. 809.)

■ Having adopted the referee's finding in the present case that, because of somewhat unusual circumstances, petitioner was not aware of his appeal rights during the 10-day period following his sentencing, we hold that petitioner is entitled to relief under rule 31(a) because his failure to file a timely notice of appeal was due to ignorance of his appeal rights.

■ The referee correctly found that under the peculiar facts of this case petitioner is not estopped from obtaining relief. The five-month delay between sentencing and petitioner's application for leave to file a belated notice of appeal is justifiable in view of his emotional and psychiatric problems during and immediately following his trial, his extreme difficulty in communicating in English, and his lack of an attorney to assist him in his efforts to appeal (cf. *People* v. *Camarillo, supra,* 66 Cal.2d 455); and in view of the fact that his effort to file a belated notice of appeal must have been seriously deterred by the *Hatten* decision.

Petitioner's application for relief under rule 31(a) is granted. The Clerk of the Superior Court of Kern County is directed to file a notice of appeal in the present case if such a notice is tendered to him by petitioner or his appointed counsel within 10 days after our judgment herein becomes final and, if such notice is filed, to proceed with the preparation of the record on appeal.

Traynor, C. J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.

BURKE, J.—I dissent. I believe that the rule of *People* v. *Hatten,* 64 Cal.2d 224 [49 Cal.Rptr. 373, 411 P.2d 101],

should have been upheld and applied in this case. Petitioner was represented by competent counsel who, the referee found, advised petitioner of his appeal rights before and within the 10-day period. The referee found further that petitioner did not request counsel to file an appeal but that because of his emotional state, the language barrier and other circumstances, petitioner was not *aware* of his right to appeal. I submit that lack of awareness of technical rules of law and procedure is common among nonprofessional litigants. The courts appoint counsel for them to protect their rights and in turn must rely on counsel to represent them properly. Absent a showing of lack of proper representation relief should not be granted.

If understanding and awareness on the part of a defendant are to be the test it will prove wholly impractical if not impossible to apply. For example, the referee found here that even after the hearing that he conducted the petitioner does not fully understand the meaning of an appeal. Had the trial judge followed the federal practice and informed this petitioner of his rights of appeal at the time of sentencing in all probability the advice would have been equally meaningless under the circumstances.

When a defendant in a criminal case is acting without counsel for whatever reason I can see the need for the court to advise him of his right to appeal and of the time within which he must act, but when competent counsel has been afforded him and particularly when such counsel has represented him at the trial and is fully familiar with it, I believe the court has no duty to advise the defendant further. The only exception that I would make to that rule would be where the representation by counsel is shown to have been so incompetent as to have reduced the trial to a "sham" or a "farce." (*People* v. *Ibarra,* 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487].)

In *Ibarra* this court stated that to justify relief from a failure of counsel competently and properly to represent his client and to establish a denial of his constitutional right "an extreme case must be disclosed." I submit that such a showing has not been made in the case at hand.

McComb, J., concurred.