**Ruben N. VERDUGO, Petitioner,**

v.

**Louis NELSON, Warden, Respondent.**

**No. 69–1332.**

United States District Court, C.D. California.

March 17, 1970.

Ruben N. Verdugo, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Arnold W. Lieman, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

On December 17, 1964, Petitioner was convicted in the Superior Court of the County of Los Angeles for possession of heroin, Calif. Health & Safety Code, § 11500 (West, 1964), and possession of marijuana, Calif. Health & Safety Code, § 11530 (West, 1964). After the conviction, Petitioner's criminal case was suspended by the trial judge and proceedings were commenced under the California involuntary narcotic commitment statute. Stats.1961, c. 850, p. 2224, § 2 (now Calif.Welf. & Inst.Code, § 3051). On October 28, 1965, Petitioner was returned to the trial court for sentencing, and he was placed on probation for five years on the condition that he spend the first year in the county jail. Petitioner did not appeal this conviction. On June 23, 1967, probation was revoked and Petitioner was sentenced to the California State prison for the term prescribed by law, the sentences on both counts to run concurrently. Petitioner is presently a California State prisoner incarcerated at San Quentin State Prison, Tamal, California.

Petitioner alleges that he was denied due process because he was not informed of his right to appeal his December 17, 1964 conviction at the time the criminal case was suspended and the involuntary commitment proceedings were commenced.

After reviewing the Petition, the Response, the Exhibits attached to the Response, the Traverse to the Response, and the points and authorities set forth by the parties, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons.

First, Petitioner has not exhausted all of his available California State remedies and has not alleged any facts that show the existence of circumstances that render such State process ineffective to protect the rights of Peti-

tioner. 28 U.S.C. § 2254(b) and (c); and Oliver v. State of California, 364 F.2d 311 (9th Cir., 1966). On November 18, 1968, the California Court of Appeal, Second Appellate District, in an unpublished opinion, denied Petitioner's request for a late appeal pursuant to Rule 31(a), California Rules of Court. The Court of Appeal based its refusal to hear the untimely appeal on People v. Hatten, 64 Cal.2d 224, 49 Cal.Rptr. 373, 411 P.2d 101 (1966). Subsequent to the Court of Appeal decision, the California Supreme Court in People v. Acosta, 71 A.C. 707, 711–712, 78 Cal.Rptr. 864, 456 P.2d 136 (1969), expressly overruled *Hatten* and stated that the failure of a trial counsel to advise his client of his right to appeal can be the basis for an appeal under Rule 31(a). Consequently, Petitioner has not exhausted his available State remedies because he might be able to file a late appeal in the California Court of Appeal. Lembke v. Field, 380 F.2d 383 (9th Cir., 1967).

 Second, this Petition is denied because Petitioner was not deprived of any right to appeal the December 17, 1964 conviction. Since the criminal case was suspended after the conviction in order to commence proceedings under the California involuntary commitment statute, there was no appealable judgment on December 17, 1964. People v. Murphy, 70 A.C. 115, 74 Cal.Rptr. 65, 448 P.2d 945 (1969); and People v. LeGerrette, 245 Cal.App.2d 764, 54 Cal.Rptr. 304 (1966). Even assuming that Petitioner did have a right to appeal the conviction of December 17, 1964, Petitioner was not denied this right to appeal because he could have taken an appeal after October 28, 1965 when the trial court sentenced Petitioner to five years probation.

Rather than alleging that the State of California denied him the right to appeal his conviction by invoking the involuntary commitment statute, Petitioner actually has alleged that his trial counsel was ineffective because his attorney did not move for a new trial on December 17, 1964, and thus did not pro-

vide Petitioner an earlier opportunity to appeal from the order denying the motion for a new trial. Calif.Penal Code, § 1237 (West Supp., 1967). A motion for a new trial relates to trial strategy and tactics, and thus involves elements of discretion and judgment on which skilled advocates may honestly disagree. After analyzing all of Petitioner's contentions, this Court finds that Petitioner was adequately represented by counsel, and consequently this Court finds that Petitioner has not sustained his burden of proving that "the service of counsel was of such a caliber as to amount to a farce or mockery of justice." Grove v. Wilson, 368 F.2d 414, 416 (9th Cir., 1966); Knowles v. Gladden, 378 F.2d 761 (9th Cir., 1967); and Duarte v. Field, 297 F.Supp. 41 (C.D. Calif., 1969) (Hauk, J.).

From the preceding analysis, it is apparent that there are no grounds or reasons of any kind to grant an evidentiary hearing, or to support the issuance of a writ of habeas corpus.

Therefore, it is hereby ordered that the Petition for a Writ of Habeas Corpus be, and the same is, denied.