**Frank E. JUDD, Petitioner,**

v.

**Walter E. CRAVEN, Warden, Respondent.**

**Civ. No. 71-146.**

United States District Court, C. D. California.

July 23, 1971.

Frank E. Judd, in pro. per.

Evelle J. Younger, Atty. Gen., William E. James, Asst. Atty. Gen., Ellen B. Friedman, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner, in Folsom Prison, was charged in Los Angeles County Superior Court with violation of Penal Code, § 187 (Murder). He originally pleaded not guilty, and was subsequently examined by 3 psychiatrists. On the day set for trial, he withdrew his plea and entered a plea of guilty to murder in the second degree. No appeal was taken, but he filed petitions for Writ of Habeas Corpus in the Superior Court, Court of Appeal, and California Supreme Court, all of which were denied. He states that his allegations were the same as those presented here, namely, ineffective counsel.

In support of his claim, Petitioner cites many factors which he contends prove ineffectiveness:

1. Counsel did not visit him before the preliminary hearing.

2. Counsel made no motions under Penal Code, §§ 995, 1538.5.

3. Counsel did not follow the Doctors' recommendations for further testing.

4. Counsel did not discuss with him the Doctors' reports, nor let him read them.

5. Counsel did not discuss any possible defense or any advice about the possibility of a diminished capacity defense.

6. Counsel indicated that there was no possibility of a manslaughter defense, and if he contested the case he would undoubtedly be convicted of first degree murder and end up in the gas chamber.

7. Counsel did not question him to ascertain the validity of the priors charged against him.

The Court has read and carefully considered the Petition, the Response, the Traverse, two Supplements to the Traverse, points and authorities cited by both Petitioner and Respondent, and the various exhibits included by both, and thus is fully advised in the premises. This Petition for Writ of Habeas Corpus must be denied for failure to exhaust state remedies.

■. Petitioner argues that if a question is presented and adjudicated by the state's highest court once, it is not necessary to urge it upon them a second time under an alternative procedure, which is a correct statement of the law. Here, however, there has been no such adjudication, since his claims have not been considered on the merits. No attempt was made to appeal, and California follows the Federal rule that habeas corpus is not a substitute for an appeal. In re Waltreus, 62 Cal.2d 218, 225, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965).

■ Petitioner states that he did not know he could appeal after a guilty plea, and that he explained his reason for not appealing in his Petition for Habeas Corpus (Trav. 4). It further appears that his counsel did not tell him of any such right (Resp. 51, Exhibit 9). However, he has not tried to determine in the state courts whether his right to appeal was lost because of inadequate representation by counsel and whether California Rule of Court 31(a) (filing belated appeal) provides a remedy. Still v. Fitzharris, 413 F.2d 977 (9th Cir. 1969).

In People v. Rodriquez, 4 Cal.3d 73, 92 Cal.Rptr. 673, 480 P.2d 289 (1971), relied on by Petitioner, a hearing was granted to determine whether permission to file under Rule 31(a) should be granted. The State Courts have been extremely liberal in exercising their power under that Rule, and attempt to consider such applications on their merits in order to avoid forfeiture of rights on technical grounds. In fact, in People v. Acosta, 71 Cal.2d 683, 689, 78 Cal. Rptr. 864, 456 P.2d 136 (1969), the policy was stated to resolve any reasonable doubts as to veracity in Petitioner's favor, especially where, as here, he relies on the help of others in his appeals to the courts.

Petitioner obviously has not exhausted all available California State remedies and has not alleged any facts that render such State process ineffective to protect the rights of Petitioner. 28 U.S.C. § 2254(b) and (c). Verdugo v. Nelson, 310 F.Supp. 377, 379 (C.D.Cal. 1970). Although Petitioner says "it is most likely the California Courts would deny any late appeal" (Trav. 6), the mere anticipation of unfavorable results is no excuse for failure to attempt to utilize his remedies. Oliver v. State of California, 364 F.2d 311 (9th Cir. 1966); Morehead v. State of California, 339 F.2d 170 (9th Cir. 1964).