Filed 6/18/21  P. v. Overstreet CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>THERON EVERS OVERSTREET,<br><br>Defendant and Appellant. | F077761<br><br>(Super. Ct. No. VCF355373)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Theron Evers Overstreet appeals from the judgment following a jury trial in Tulare County Superior Court case No. VCF355373 (case 5373). On the day of his sentencing, the court also imposed a sentence for a probation violation in case No. VCF331697 (case 1697), which included a three-year prison term and the court reimposing a restitution fine and court assessments originally imposed at the time appellant was granted probation. Appellant's sole issue on appeal is that the imposition of the restitution fine and court assessments in case 1697 violated his due process and equal protection rights because the court made no finding of his ability to pay them. Because appellant's notice of appeal only indicated case 5373, in which no fines or fees were imposed, we find appellant has not timely appealed the judgment in case 1697 and we therefore do not have jurisdiction to consider the appeal. We dismiss the appeal.

## PROCEDURAL BACKGROUND

### Case 1697 Relevant Procedural Facts

On May 2, 2016, in case 1697, appellant pled no contest to felony robbery (Pen. Code, § 211),[1] as part of a plea agreement in which he would be granted probation. During his plea, appellant acknowledged in open court he understood the offense was punishable by up to five years in state prison, and if he violated probation, he could be returned to custody for up to five years. He further acknowledged the minimum restitution fine for the offense was $300 and the maximum was $10,000. Appellant was sentenced on May 24, 2016; probation was granted for a period of three years, and appellant was ordered to serve 365 days in jail with credit for 176 days, and to pay a restitution fine in the amount of $500 at $50 per month commencing 30 days after release from custody. The court also ordered and suspended a $500 probation revocation fine. Appellant was further ordered to pay a total of $2,600 to the victims of his crime. Finally, he was ordered to pay a $10 additional fine (§ 1202.5), a $40 court operations

---

[1] All further undesignated statutory references are to the Penal Code.

2.

assessment, a $30 criminal conviction assessment, and $250 for the cost of the presentence investigation report "according to his ability to pay."

### Case 5373/Case 1697 Violation of Probation

Case 5373 stemmed from an incident that occurred in August 2017 where appellant passed a jogger while riding a bicycle, made a U-turn to follow her with his erect penis in his hand, unmounted his bicycle, and grabbed her. Appellant let go after the jogger called her fiancé for help. Appellant was charged with assault with intent to commit rape (§ 220, subd. (a)(1); count 1), and indecent exposure (§ 314, subd. (1); count 2). A jury trial was held, and on May 25, 2018, the jury returned guilty verdicts for the lesser included offense of simple assault (§ 240) on count 1 and indecent exposure (§ 314, subd. (1)), and not guilty verdicts for assault with attempt to commit rape and the lesser included offense on count 1 of attempted rape (§§ 664/261).

On the afternoon the jury returned the verdict, the court made a finding appellant was in violation of probation in case 1697 based upon the jury's conviction.

Appellant was sentenced on both the probation violation in case 1697 and case 5373 on June 25, 2018. As for case 1697, the court terminated appellant's previously imposed probation and sentenced him to three years in prison. The court ordered appellant to pay "the original restitution fine of $500, minus any payments," the probation revocation fine of $500, and a parole revocation fine of $500, which was suspended pending successful completion of parole. The court ordered a $10 fine pursuant to section 1202.5, a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

For case 5373, the court ordered appellant to serve 180 days in custody with credit for time served.

Appellant's trial counsel filed a notice of appeal on July 5, 2018, listing only case 5373.

3.

*Relevant Procedural Facts While Appeal Was Pending*

The record on appeal—consisting of the clerk's transcript and reporter's transcript from case 5373—was filed on October 15, 2018. On the same day, appellant filed a motion to augment the record to include the reporter's transcript of jury voir dire, which appellant asserted was relevant to an appellate issue regarding a potentially erroneous denial of a defense challenge to one of the jurors. This court granted appellant's motion to augment the record on November 20, 2018.

On January 24, 2019, appellant filed his opening brief raising a sole issue regarding an alleged violation of his constitutional rights by the imposition of fines and fees based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

On February 11, 2019, appellant filed a motion for stay of the proceedings because he had filed a motion in the trial court to strike the fines and fees at issue in the appeal. According to appellant, this was done in "an abundance of caution" to satisfy section 1237.2, which requires appellants to first seek relief in the trial court when the sole issue to be raised in the opening brief is error regarding the imposition of fines and fees. A copy of the motion appellant filed in the trial court, entitled "Motion to Strike the Fines and Fees Based on Federal Constitutional Grounds," was served on this court on February 13, 2019. The motion was prepared by appellant's appellate counsel and raised the same legal issue raised in appellant's opening brief. Counsel listed the case number for case 5373 on the written motion.

This court granted appellant's motion for a stay on March 1, 2019. On March 6, 2019, this court received a minute order with only the case number for case 1697, dated February 26, 2019, indicating appellant's motion had been denied and that the fines and fees in case 1697 remained imposed.

On March 6, 2019, appellant filed a motion to augment the record on appeal to include the February 26, 2019 minute order and to vacate the stay of appellate proceedings.

On March 8, 2019, this court lifted the stay of the proceedings and denied appellant's motion to augment the record because "[t]he document appellant seeks to include in the record was never filed or lodged in this case with the superior court."

On March 12, 2019, appellant made a second motion to augment the record to include the February 26, 2019 minute order indicating the court denied appellant's motion to strike the fines and fees and the reporter's transcript from that hearing. On April 5, 2019, this court granted appellant's motion and directed the trial court to prepare and transmit the documents to this court.

On April 16, 2019, the superior court appeals clerk filed a declaration with this court indicating she was unable to locate any hearing in case 5373 held on February 26, 2019, and the last hearing in that case was June 25, 2018. That day, this court sent a letter to appellant indicating the "augmented record on appeal/affidavit" had been filed.

On May 7, 2019, respondent filed its brief, raising several procedural bars to our consideration of the appeal on its merits, including appellant's failure to list case 1697 on the notice of appeal and consequential untimeliness and failure to perfect the record on appeal. Respondent contended we must dismiss the appeal.

On May 21, 2019, appellant filed a motion to construe the notice of appeal to include case 1697 and to extend the due date for his reply brief. On June 10, 2019, respondent filed an opposition to appellant's motion. On June 18, 2019, this court deferred ruling on the motion pending consideration of the appeal on its merits.

On June 20, 2019, appellant filed a motion to augment the record to include minute orders in case 1697, dated May 2, 2016 and May 24, 2016, and the corresponding reporter's transcripts. On July 12, 2019, respondent filed an opposition. On September 17, 2019, this court granted appellant's motion and directed the trial court to prepare and transmit the documents, and the augmented record was filed in this case on October 21, 2019.

On November 5, 2019, appellant filed a third motion to augment the record to include a copy of the minute order in case 1697, dated February 26, 2019, and the corresponding reporter's transcript. On November 18, 2019, respondent opposed the motion. On December 20, 2019, this court denied appellant's motion because he had "failed to demonstrate the requested materials were filed or lodged in the above entitled case." The order indicated appellant's reply brief, which had been stayed due to appellant's motions, was due to be filed within 20 days of the date of the order.

Appellant did not file a reply brief, and the case was deemed fully briefed on January 13, 2020.

On March 13, 2020, appellant filed a request for judicial notice of the February 26, 2019 minute order from case 1697. On April 1, 2020, this court issued an order deferring ruling on appellant's request pending consideration of the appeal on its merits. Respondent did not file a response to appellant's request.

## DISCUSSION

Appellant's sole argument on appeal is that the trial court violated appellant's constitutional rights by imposing fines and fees without determining appellant had the ability to pay them, relying on *Dueñas*, *supra*, 30 Cal.App.5th 1157. The fines and fees appellant challenges were imposed as part of the court's granting of probation and subsequent revocation of probation in case 1697, and appellant's notice of appeal only listed case 5373. Respondent contends appellant's failure to list case 1697 requires us to dismiss the appeal, and, in response to respondent's contentions, appellant has subsequently moved this court to construe the notice of appeal to include case 1697. Before reaching any other contentions, we address appellant's motion to construe, and for reasons we explain, hereby deny it. We therefore conclude appellant has not filed a timely notice of appeal in case 1697; accordingly, we have no jurisdiction over this appeal and must dismiss it.

"The notice of appeal must be liberally construed" and must be considered "sufficient if it identifies the particular judgment or order being appealed." (Cal. Rules of Court,[2] rule 8.304(a)(4).) In criminal cases, where an appeal is taken after a guilty or no contest plea or admission of probation violation, the appellant must also obtain a certificate of probable cause from the trial court, except where the notice of appeal includes a statement that the appeal is based on either the denial of a motion to suppress or grounds that arose after the entry of the plea that do not affect the plea's validity. (Rule 8.304(b).)

"The policy of liberally construing a notice of appeal in favor of its sufficiency [citation] does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all." (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.) "[I]t is well 'beyond liberal construction' to view an appeal from one order as an appeal from a 'further and different order.' [Citation.] 'Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed.' [Citation.] 'The rule favoring appealability in cases of ambiguity cannot apply where there is a clear intention to appeal from only … one of two separate appealable judgments or orders.' " (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 225–226.) When a notice of appeal manifests a " 'clear and unmistakable' " intent to appeal only from one order, we cannot liberally construe the notice to apply to a different, omitted order. (*Unilogic, Inc. v. Burroughs Corp.* (1992) 10 Cal.App.4th 612, 625, quoting *Glassco v. El Sereno Country Club, Inc.* (1932) 217 Cal. 90, 91–92; accord, *Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 846 [declining to liberally construe notice of appeal to include corrected judgment "where every indication in the record" showed the appellant only intended to appeal from original judgment].)

---

[2]     All further undesignated rule references are to the California Rules of Court.

7.

Applying these principles, we conclude we cannot construe appellant's notice of appeal to include case 1697. Though the judgments were pronounced on the same day, they were for separate cases with separate case numbers. Appellant completely omitted the case number for the case which included the asserted error on appeal, and therefore did not identify the judgment he now states he wishes to appeal from. We conclude this fact alone precludes us from construing the notice of appeal to include case 1697. Even if we did not find this fact to be dispositive, appellant's argument still fails.

We may liberally construe a notice of appeal to protect the right of appeal when " '[1] it is reasonably clear what [the] appellant was trying to appeal from, and [2] where the respondent could not possibly have been misled or prejudiced.' " (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1249, quoting *Luz v. Lopes* (1960) 55 Cal.2d 54, 59.)

Appellant contends the intent to appeal from the judgment in case 1697 was clear from the following facts: (1) the sentencing memorandum referred to both cases; (2) the trial court sentenced appellant on both cases on the same date; and (3) the notice of appeal was filed following that date.

We are not persuaded these facts make it reasonably clear that appellant intended to appeal from the judgment in case 1697. Rather, we conclude the notice of appeal demonstrated an intent to appeal only from the judgment in case 5373. First, at risk of belaboring the point, we mention again that where the notice of appeal is required to list a case number, only case 5373 is listed.

In addition, the fines and fees appellant challenges on appeal were initially ordered at the time appellant was granted probation following his plea, yet the notice of appeal did *not* indicate the appeal was one following an entry of a guilty or no contest plea, appellant sought no certificate of probable cause, and the notice of appeal included no statement asserting a certificate of probable cause was not necessary. Rather, the notice of appeal expressly indicated the appeal was one following a jury or court trial under section 1237.

Further, in the notice of appeal packet the superior court clerk transmitted to this court, the clerk only included documents related to the judgment in case 5373: the June 25, 2018 minute order for the sentencing hearing—which only related to the sentence in case 5373—and the May 25, 2018 minute order of the jury's verdict. None of these documents refer to the imposition of any fines or fees. Neither the abstract of judgment for case 1697 nor any document that indicated any fines or fees were ordered was included in this packet. This packet was served on appellant's trial attorney's office by mail on July 6, 2018. Had the intent been to appeal the order imposing fines and fees or any order in case 1697, appellant would have had the opportunity at that time to file a timely notice of appeal in case 1697, so that the proper documents could be transmitted to this court and the parties.

Finally, appellant filed a successful motion to augment the record to include jury voir dire documents from case 5373, indicating there was a potential issue on appeal relating to jury selection, further demonstrating the judgment in case 5373 was the intended appealable order. We also note that the legal basis of appellant's sole issue on appeal, the appellate court's decision in *Dueñas*, *supra*, 30 Cal.App.5th 1157, was not published until over six months after the notice of appeal was filed. This also supports an inference it is not reasonably likely the intent in filing the notice of appeal was to appeal the case 1697 judgment.

For these reasons, we cannot say, based on these facts, it was "reasonably clear" from what judgment appellant was trying to appeal; rather, in our view, the notice of appeal demonstrated a clear intent to pertain only to case 5373.

In addition, construction of appellant's notice of appeal to include case 1697, misleads and prejudices respondent. Because appellant only listed case 5373, the superior court clerk appropriately prepared a record on appeal only for that case, which incidentally included some proceedings relevant to case 1697—the court's finding of a violation of probation and the sentencing for the violation of probation. As the lengthy

9.

and confusing procedural history that resulted from the appropriate clerical action of preparing the record for only case 5373 demonstrates, however, appellant's notice of appeal resulted in the omission of documents relevant to the appeal. Appellant attempted, sometimes successfully and sometimes not, through various filings to get the relevant documents to the parties and before this court. But by failing to put the proper case number on the notice of appeal, appellant was in a position where, when his motions were successful, he could pick and choose the documents included in the record on appeal, and when he was not successful, was procedurally without a remedy to get the relevant documents included in the record. This limited respondent's ability to respond to the merits of appellant's case, and hypothetically shifted the burden to respondent to prepare its own filings to ensure a complete record that would assist in its response to the appeal, such as any documents appellant did not seek to make part of the record that would indicate the issue had been forfeited or would be otherwise detrimental to his appeal.

None of the authority appellant cites in support of his motion to construe persuade us to come to a different conclusion. Appellant cites several cases he contends stand for the general principles that appellate courts should avoid forfeiture of substantial rights on technical grounds, that "[a]ll doubts should be resolved in favor of the right to appeal," and that we should liberally construe a notice of appeal "in favor of its sufficiency." None of the cases appellant cites to support these propositions are apposite or persuasive to the present issue as they all specifically deal with interpretation of former rule 31(a). Former rule 31(a) required notices of appeal to be filed within 10 days after rendition of judgment but included a special procedure empowering appellate courts to grant relief from default in pro per cases. (*People v. Chapman* (1971) 5 Cal.3d 218; *People v. Acosta* (1969) 71 Cal.2d 683; *People v. Casillas* (1964) 61 Cal.2d 344; *People v. Bailey* (1969) 1 Cal.3d 180; *People v. Diehl* (1964) 62 Cal.2d 114; *People v. Tucker* (1964) 61 Cal.2d 828.) While the California Supreme Court routinely urged the remedy under rule 31(a) to

10.

be " 'liberally exercised to avoid loss of the right to appeal,' " this rule was revised in 1972, eliminating this special procedure and extending the period in which to file a notice of appeal from 10 days to 60 days. (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 116.) As such, the cases cited by appellant are focused on the interpretation of an old and inapposite law and therefore are not persuasive and do not alter our conclusion.

Today, the doctrine of constructive filing is the proper method to resolve an untimely notice of appeal (*Silverbrand v. County of Los Angeles*, *supra*, 46 Cal.4th at p. 116), which appellant also suggests applies to the present case. When a notice of appeal is not actually filed within the 60-day period, an appeal is barred unless the notice of appeal is deemed to have been constructively filed. (*People v. Lyons* (2009) 178 Cal.App.4th 1355, 1361.) To show the constructive filing doctrine should apply, as relevant here, an incarcerated criminal appellant must show he " 'has made arrangements with his attorney for the filing of a timely appeal and has displayed diligent but futile efforts in seeking to insure that the attorney has carried out his responsibility.' " (*In re Chavez* (2003) 30 Cal.4th 643, 657; *People v. Lyons*, at p. 1361.) This showing must be made by a verified petition for a writ of habeas corpus (*People v. Lyons*, at p. 1362) or noticed motion (*People v. Zarazua* (2009) 179 Cal.App.4th 1054, 1062–1063). Because appellant alleges no facts to support a finding of constructive filing for case 1697, we conclude the doctrine does not apply.

For the foregoing reasons, we deny appellant's motion to construe the notice of appeal to include case 1697.

Accordingly, as the sole issue on appeal is the fines and fees imposed in case 1697, and because appellant has not filed a notice of appeal as to that case, we conclude we do not have jurisdiction and dismiss the appeal. (See *People v. Lyons*, *supra*, 178 Cal.App.4th at p. 1361 [" 'Unless the notice [of appeal] is actually or

constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal.' "].)[3]

## DISPOSITION

The appeal is dismissed.

DE SANTOS, J.

WE CONCUR:


HILL, P.J.


PEÑA, J.

---

[3]    Because the appeal is dismissed, appellant's request for judicial notice filed on March 13, 2020, is accordingly denied.