[Crim. No. 17889. Second Dist., Div. Four. Feb. 1, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT RICHARD FASANELLA, Defendant and Appellant.

## COUNSEL

Robert Richard Fasanella, in pro. per., and Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, Barbara T. King and Frederick R. Millar, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FILES, P. J.**—We deal here with the problems arising out of an order made by a federal judge upon the petition of a prisoner who was convicted of two felonies more than 10 years ago. The procedural facts will first be stated chronologically.

In Los Angeles Superior Court case 195992, on February 4, 1958, defendant pleaded guilty to the offense of attempted burglary. On July 3, 1958, proceedings were suspended and probation was granted for a period of three years. On December 6, 1960, probation was revoked by reason of defendant's conviction of another felony and defendant was sentenced to state prison.

In Los Angeles Superior Court case 232402, after a court trial, defendant was convicted of possession of heroin, a violation of Health and

Safety Code section 11500. On December 6, 1960, he was sentenced to state prison.

No timely appeal was taken in either case. So far as the records of the superior court show, defendant had no communication with that court on any subject until 1964, when he wrote to the clerk to inquire whether a petition for writ of error *coram nobis* had been received from him in July 1961. The clerk replied that there was no record of it.

On December 28, 1964, defendant filed in the Superior Court of Marin County a petition for a writ of habeas corpus. Following the issuance of an order to show cause the petition was denied on February 17, 1965.

On June 28, 1965, defendant filed a petition for habeas corpus in the California Court of Appeal, First District, which was denied.

On September 27, 1965, he filed a petition for writ of habeas corpus in the Supreme Court of California, which was denied.

In March 1966 defendant filed in the Superior Court of Los Angeles County a petition for writ of mandate to compel the clerk to give him a free copy of the transcripts in cases 195992 and 232402. The petition did not state why defendant desired those transcripts at that time. The court denied the petition.

On May 5, 1966, defendant filed a petition for habeas corpus in the United States District Court in San Francisco, which was denied. Defendant applied for a certificate of probable cause to appeal from that decision, which was denied.

In May 1967 defendant applied to the United States District Court in Los Angeles for habeas corpus, which was denied.

On July 5, 1968, the Clerk of the Superior Court of Los Angeles County received from defendant a notice of appeal from the 1960 judgment in case 232402. Pursuant to rule 31(a), California Rules of Court, the clerk advised defendant the notice could not be filed because it had not been received within the 10-day period prescribed by the rule, but that he might petition the Court of Appeal for relief.[1]

---

[1] Rule 31(a): ". . . Whenever a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice, the clerk shall mark it 'Received (date) but not filed' and advise the party seeking to file the notice that it was received but not filed because the period for filing notice of appeal had elapsed and that he may petition the reviewing court for relief by verified statement or declaration under penalty of perjury, setting forth the date of the order or judgment from which the party seeks to appeal, the steps which the party took to file his notice of appeal on time, and any other information which has, or which the party believes has, a bearing upon the circumstances which caused the notice of appeal to arrive late."

On July 31, 1968, defendant petitioned this court under rule 31(a) for relief from his failure to file a timely notice of appeal. This petition, with its supporting declaration, was considered by one of the divisions of the court, and relief was denied August 7, 1968.

Defendant thereupon petitioned the California Supreme Court for a hearing, which was denied October 3, 1968.

Thereafter defendant filed another petition in the United States District Court in San Francisco and, on June 23, 1969, that court filed its opinion and order. This opinion recites that the court believed defendant's assertion that the reason he had not taken a timely appeal from his conviction was because he had not been informed of the steps to be taken. The opinion also declares that whether or not defendant suffered substantial prejudice is now irrelevant. The federal court thereupon made the following order:

". . . It Is Ordered that within sixty days the State of California provide petitioner with an opportunity to appeal at this time—having the full effectiveness of one earlier taken—or vacate the conviction and retry petitioner. Failing either alternative, It Is Ordered that the conviction be vacated and petitioner be released.

"Dated: June 23, 1969.

"Alfonso J. Zirpoli [signed]
United States District Judge"

On July 11, 1969, a deputy in the San Francisco office of the state Attorney General wrote to the Clerk of the Superior Court of Los Angeles County enclosing a copy of Judge Zirpoli's order and indicating that appellate procedures should be set in motion.

On July 25, 1969, defendant sent to the superior court a notice of appeal referring to both cases.

The clerk of the superior court thereupon prepared a record on appeal for case 232402 and case 195992, and transmitted the same to the clerk of this court, who filed it in the ordinary course of business.

We first face the question whether this court has jurisdiction to hear an appeal in either case. ■ It is the general rule that a timely notice of appeal is essential to appellate jurisdiction. (See *People* v. *Behrmann* (1949) 34 Cal.2d 459, 461 [211 P.2d 575].) ■ Rule 31(a), California Rules of Court, prescribes a time limit of 10 days, subject to the power of the reviewing court to grant relief upon a satisfactory showing. This relief is liberally granted where it appears to the reviewing court that the delay is excusable because of the ignorance of the appellant and the lack of effec-

tive assistance by counsel. (See, e.g., *People* v. *Acosta* (1969) 71 Cal.2d 683 [78 Cal.Rptr. 864, 456 P.2d 136]; *People* v. *Curry* (1965) 62 Cal.2d 207 [42 Cal.Rptr. 17, 397 P.2d 1009].) ▮ But the defendant here never made any application for relief in case 195992. And in case 232402 his application for relief first presented in 1968 was denied both in this court and in the Supreme Court.

The order of federal Judge Zirpoli does not purport to confer upon defendant any right of appeal, or to impose upon this court any duty to hear the cases. The order simply means that unless the state provides an appeal or a new trial, the federal judge will vacate the conviction and release the prisoner.

Nor did the letter of the Attorney General to the superior court clerk have any legal effect in authorizing an appeal. It is understandable that the clerk went forward with the preparation of the record, but this does not overcome the jurisdictional barrier. Recognizing this, the Attorney General has joined with defendant's attorney in requesting this court to exercise its discretion to authorize an appeal now.

The fact that one division of this court had decided in 1968 that defendant was not entitled to relief, and that the Supreme Court had denied a hearing, would ordinarily preclude further consideration here. But the order of Judge Zirpoli, threatening to set aside a conviction and release the prisoner, irrespective of the merits of the appeal, presents a new factor which compels reconsideration. It is a matter of the gravest concern to the People of California if a criminal conviction is set aside without regard for whether the defendant was fairly and justly convicted.

There is no doubt that a United States district judge has the power to order the release of a state prisoner whenever that judge thinks the state procedure has violated the federal constitutional rights of the prisoner. (*Fay* v. *Noia* (1963) 372 U.S. 391 [9 L.Ed.2d 837, 83 S.Ct. 822].) We do not know whether Judge Zirpoli had in mind only one or both of the cases, as his order fails to state. Further attempts on our part to clarify the situation would only add to the work of this court and further impede the dispatch of our necessary business. Under the circumstances, we find there is good cause to exercise our discretion under rule 31(a), California Rules of Court, and do therefore determine that the notice of appeal dated July 25, 1969, be deemed timely filed as an appeal from both judgments.

We turn therefore to the merits of the appeals. In addition to the normal record on appeal we have, pursuant to rule 12, California Rules of Court, ordered the superior court file in each case transmitted to this court and made a part of the record on appeal.

In case 195992 defendant, represented by counsel, pleaded guilty to the offense of attempted burglary and was placed on three years' probation. His probation was revoked because during the three-year period he committed the crime for which he was convicted in case 232402, and thereupon he was sentenced to prison. No ground of reversal appears in this record if defendant was properly convicted of the second offense.

In case 232402 the information charged possession of heroin (Health & Saf. Code, § 11500). Defendant appeared with his privately employed attorney and waived a jury trial. Police Officers Metz and Beruk testified in substance as follows:

On August 10, 1960, at about 9:30 p.m., the police officers spoke to defendant, who was walking from the parking lot to the entrance of the Panorama Bowl in Van Nuys. After a brief conversation with defendant the officers concluded defendant was under the influence of narcotics and arrested him.

When the prosecution sought to elicit from Officer Metz his qualification to reach that conclusion, counsel for defendant said, "Counsel, we will stipulate the probable cause. . . . There is no problem with probable cause."

Officer Beruk asked defendant how he came there and he responded that he had come in his blue Chevrolet which was in the parking lot. The officer asked if it would be all right if he looked in the car and defendant said it would be. Defendant then accompanied the officers to the vehicle. When Officer Metz shined his flashlight into the interior he saw on the driver's side of the front seat a capsule, which he seized. Officer Beruk asked defendant if it was his and defendant said it was not, and that it must have belonged to Larry Harris, who had come there with him.

Defendant was transported to the police station where he was examined by an officer specially trained on the subject of narcotics. This officer formed the opinion defendant was then under the influence of an opium derivative. The officer also observed on defendant's arms a number of marks characteristic of heroin users, and a recent burn of the type often made by narcotics users to obliterate puncture marks.

It was stipulated that the capsule found on the seat of defendant's automobile contained heroin.

Defendant, testifying on his own behalf, denied that he had any knowledge of the capsule until he saw it in the officer's hand. He admitted that he had driven to the parking lot in the Chevrolet, which was his car. Defend-

ant also produced as his witness Larry Harris, who testified that he (Harris) did not have any heroin that night.

. ■ The evidence is sufficient to support the finding of the trial court that defendant had been in conscious possession of the capsule which was found on the seat of the automobile which he owned and had been driving only a short time before. (See *People* v. *Dewson* (1957) 150 Cal.App.2d 119, 132 [310 P.2d 162].) The marks on defendant's arms, and the fact he was then under the influence, strengthen the inference that the capsule was his and establish his familiarity with the nature of the substance. His being under the influence helps to explain his carelessness in leaving contraband exposed to casual inspection. Cases upon which defendant relies, involving passengers (e.g., *People* v. *Boddie* (1969) 274 Cal.App.2d 408 [80 Cal. Rptr. 83]), are factually distinguishable. The other person who had been in the car, Larry Harris, testified that he had not possessed any heroin.

■ Defendant contends that the heroin should have been excluded as the product of an unlawful search. In a supplemental brief signed by defendant personally, he argues the effect of *Mapp* v. *Ohio,* 367 U.S. 643 [6 L.Ed.2d 1081, 81 S.Ct. 1684], decided June 19, 1961, which first made mandatory upon the state courts the rule excluding illegally seized evidence. But for the purposes of the present case it is not necessary to consider *Mapp* at all. Long prior to the *Mapp* decision the Supreme Court of California had determined in *People* v. *Cahan* (1955) 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513] that evidence seized in violation of the Fourth Amendment would not be admissible in a criminal prosecution in a California court. Thus when defendant was tried in 1960 he had the protection of this exclusionary rule as a matter of state law.

Defendant cannot complain of the legality of his arrest, because his attorney conceded there was cause for it, thus precluding the People from producing any further evidence on that subject. Once the officers had lawfully arrested defendant, it was not improper for them to pursue an investigation. Both Officer Metz and defendant testified that he consented to a search of his car.

At the trial defendant's attorney made no objection to the admission of the heroin into evidence, though he was entitled to do so if he believed it was unlawfully obtained. By reason of the absence of any objection it was unnecessary to go into the subject further at the trial, and there is nothing for us to review. (*People* v. *Terry* (1970) 2 Cal.3d 362, 391 [85 Cal.Rptr. 409, 466 P.2d 961].)

■ Defendant further contends that he is entitled to a new trial upon the ground that his attorney's failure to object indicates incompetence.

There is no basis in this record for such a conclusion. Failure to object, even where it appears that an objection might be sustained, does not necessarily indicate lack of competence of counsel. When a defendant challenges the legality of an arrest or seizure of evidence he opens the door to the production of other evidence, which might not otherwise be admissible, to justify the action of the police. A defense attorney may reasonably conclude his client is better off without the objection, particularly if he thinks it likely that the ground of the objection will eventually be obviated by other evidence.

In the case at bench, defendant's defense was that the capsule didn't belong to him. This factual issue was fairly tried and conclusively resolved against him by the trial court. There is no ground for a reversal.

 The judgment in each case is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 31, 1971.