[Crim. No. 15600. First Dist., Div. Three. Feb. 4, 1977.]

THE PEOPLE, Plaintiff and Appellant, v.
ELTON GREEN, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and E. Alan Nunez, Deputy Attorneys General, for Plaintiff and Appellant.

James C. Hooley, Public Defender, and John M. Pace, Assistant Public Defender, for Defendant and Respondent.

**OPINION**

**DRAPER, P. J.**—Elton Green was charged with three counts of armed robbery in violation of section 211 of the Penal Code, and with three prior felony convictions. The priors were admitted, and the jury returned verdicts of guilty as to the three substantive offenses. Green was adjudged to be an habitual criminal within the meaning of subdivision (a) of section 644 of the Penal Code, and was sentenced to prison for the term provided by law. The judgment was affirmed on appeal and a hearing was denied by the California Supreme Court.

Green thereafter sought habeas corpus in the United States District Court for the Northern District of California, and on March 8, 1976, that court found the admission of the prior convictions was invalid for failure to adequately advise Green of the rights he was waiving by admitting the priors and of the consequences of that admission. The district court thereupon set aside the admission of the prior convictions and the finding of habitual criminality predicated thereon, and ordered that the Director of Corrections make no use of said finding to adversely affect either the petitioner's eligibility for parole, or to set his minimum and/or maximum release dates.

On March 18, 1976, the district attorney sought to reinstate proceedings in the trial court, arraign Green as to the allegations of the prior convictions, and to set the case for trial solely on the issue of the prior convictions. The trial court made a finding that it had no jurisdiction to determine the existence of the prior convictions and dismissed further proceedings in the case. The People have appealed from that order.

■ The sole issue on this appeal is whether the trial court has jurisdiction to arraign and try respondent Green on the prior convictions which were set aside in the federal habeas corpus proceeding. We hold that the trial court has such jurisdiction.

The trial court based its ruling on the fact that the order of the federal district court had not conferred jurisdiction upon and/or ordered the state court to take further action in the case. ■ But habeas corpus action in a federal district court is a collateral action in which relief is limited to acting upon the person of a state prisoner (*Fay* v. *Noia* (1963) 372 U.S. 391, 431 [9 L.Ed.2d 837, 864, 83 S.Ct. 822]), and upon finding a constitutionally infirm state conviction it has no power to order a state court to take any specific action (*Spaulding* v. *Taylor* (10th Cir. 1964) 336 F.2d 192, 194). However, the granting of such relief on due process grounds does not bar further action by a state (*Wynn* v. *Page* (10th Cir. 1968) 390 F.2d 545, 546). An order similar to the one with which we are here concerned was made by the same federal district court in *Wright* v. *Craven* (N.D.Cal. 1971) 325 F.Supp. 1253, 1258-1259), and upon affirmance of that order on appeal the reviewing court noted that "the writ granted by the District Court merely sets aside petitioner's admission [of prior convictions], and bars the State of California from imposing habitual offender punishment based upon that admission. As in cases where guilty pleas are vacated, the State is not precluded by this judgment from conducting further proceedings on the issue." (*Wright* v. *Craven* (9th Cir. 1972) 461 F.2d 1109, 1110, fn. 1.)

California courts also have recognized that a federal district court cannot impose a duty to act upon any state court and that a state court acts independently and voluntarily in responding to the federal order. (See *People* v. *Fasanella* (1971) 14 Cal.App.3d 1004 [92 Cal.Rptr. 655]; *People* v. *Hamilton* (1975) 50 Cal.App.3d 476 [123 Cal.Rptr. 390].)

■ When admissions of prior convictions are set aside because of error which occurred in the adjudication of those priors, the People are

not to be denied an opportunity to establish their existence and validity. The proper procedure is for the trial court to conduct a limited new trial on the issue of the prior convictions, and to restore the portion of the sentence invalidated in the habeas corpus proceeding to the extent that the trial court finds the allegations of the prior convictions to be true. (See *People* v. *Fisk* (1975) 50 Cal.App.3d 364, 373 [123 Cal.Rptr. 414].)

Respondent raised a defense of double jeopardy in the trial court. Although he has not argued that as a defense on this appeal, we address that question to foreclose reassertion of that theory in the trial court. █ Invalidation of a sentence by habeas corpus precludes a claim of double jeopardy on resentence. (*Murphy* v. *Massachusetts* (1900) 177 U.S. 155 [44 L.Ed. 711, 20 S.Ct. 639].) One who successfully attacks a judgment subjects himself to a retrial that may reach the same result. (*United States* v. *Ball* (1896) 163 U.S. 662, 672 [41 L.Ed. 300, 303, 16 S.Ct. 1192]; *People* v. *Henderson* (1963) 60 Cal.2d 482, 495 [35 Cal.Rptr. 77, 386 P.2d 677].)

Order reversed.

Scott, J., and Devine, J.,* concurred.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.