[Crim. No. 3881. Fifth Dist. Aug. 20, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY D. HICKEY, Defendant and Appellant.

---

COUNSEL

Robert W. M. Cross, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher and John R. Duree, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FREDMAN, J.**\*—Appellant Jerry D. Hickey appeals alleging his sentence was improperly enhanced by the judgment of the trial court.

Hickey was convicted of kidnaping (Pen. Code, § 207), lewd conduct with a child (Pen. Code, § 288) and oral copulation (Pen. Code, § 288a, subd. (c)) on March 9, 1978, after a jury trial. He makes no complaint of the substantive or procedural propriety of the trial and asserts sentencing error only. By limiting the scope of our review we avoid detailed repetition of the unsavory details of the debauchment of a six-year-old boy.

### PLEADING OF THE PRIORS

The information, as originally filed, alleged two prior felony convictions. The first pled the conviction in Fresno County Superior Court on October 10, 1969, of a violation of Penal Code section 288 (lewd conduct with a child)[1] and section 286 (sodomy). The second charged conviction on October 14, 1966,[2] in the Court of Common Pleas, Miami County, Ohio, of sodomy, a felony. The record reveals that both priors were for offenses factually congruent with the current charges against appellant. Both were pled within the meaning of section 667.5, subdivision (b), mandating a *one-year* enhancement.

For reasons of prosecutorial discretion, or perhaps as a result of prosecutorial indiscretion, appellant's California and Ohio priors were not charged initially as violent felony priors under section 667.5, subdivi-

---

\*Assigned by the Chairperson of the Judicial Council.

[1] All statutory references, unless otherwise stated, are to the Penal Code.

[2] The Ohio conviction referred to was actually entered on March 23, 1964.

sions (a) and (c), as they might have been.[3] Both the prior convictions and the new conviction were for conduct denominated as "violent" felonies in section 667.5, subdivision (c).[4]

### PRETRIAL AND POSTTRIAL PROCEEDINGS

When initially arraigned, appellant pled not guilty and denied the priors. Three days before trial, he appeared before Judge Simon Marootian for a hearing on the priors. Fully advised of his constitutional rights and told that the consequences of his admission of the California prior would be a one-year enhancement of his sentence, he waived trial and admitted the prior.

With respect to the Ohio prior, he waived his right to a jury trial, again having been advised that he was subject to a one-year enhancement of his sentence if the prior was found to be true.

---

[3]Section 667.5 provides, in pertinent part, as follows: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

"(a) Where one of the new offenses is one of the violent felonies specified in subdivision (c), in addition and consecutive to any other prison terms therefor, the court shall impose a three-year term for each prior separate prison term served by the defendant where the prior was one of the violent felonies specified in subdivision (c); provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction.

"(b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction.

"(c) For the purpose of this section, 'violent felony' shall mean any of the following:

". . . . . . . . . . . . . . . .

"(4) Sodomy by force, violence, duress, menace, or threat of great bodily harm.

"(5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm.

"(6) Lewd acts on a child under 14 as defined in Section 288. . . ."

[4]Neither record nor argument explains why the district attorney failed to allege the former convictions as violent priors. Prosecutors throughout the state possess and commonly utilize the "Uniform Crime Charging Manual," a loose-leaf form book distributed by the California District Attorneys Association. Form K, dealing with prior offense enhancement, contains two separate forms. The first deals with "violent" felonies and prescribes allegation of the conviction of a violent felony, specifically charging it as a violent felony, and asserting that it comes within the meaning of section 667.5, subdivision (a). The second form is for "any" felony. This omits the reference to "violent" felonies and charges that the conviction was a prior coming within the meaning of section 667.5, subdivision (b).

Appellant was reluctant to concede that time served in an Ohio mental institution counted as time served in prison to satisfy the requirement of subdivision (f) of section 667.5, that an out-of-state prior qualifies for enhancement only if "the defendant served one year or more in prison for such offense in the other jurisdiction." After a trial limited to this single issue, the court found the condition of one year of imprisonment satisfied and determined that the Ohio prior alleged was true. The question of whether the elements of this prior matched California requirements under the standard established by the second sentence of section 667.5, subdivision (f), was neither argued, considered, nor referred to in the decision.[5]

The case was then confirmed for jury trial. It commenced March 7, 1978, before Judge Robert Z. Mardikian. At the conclusion of the trial, appellant Hickey was convicted of the three substantive offenses charged.

Appellant appeared before Judge Mardikian for sentencing. The court found and determined that the underlying facts of both the California and Ohio priors, as revealed by the current probation report, came within the definition of "violent" felonies. On the motion of the district attorney, and over the strenuous objection of appellant's trial counsel, the information was orally amended to plead both priors as "violent" felonies within the meaning of section 667.5, subdivisions (a) and (c). No opportunity to admit or deny the new allegations was afforded appellant, nor was a further evidentiary hearing held.

The court proceeded to sentence appellant to an aggravated term for the kidnaping offense, five years in state prison, and stayed the sentence on the other two substantive offenses pending appeal. Having found that each of the prior convictions was for a "violent" felony, the court sentenced appellant to consecutive terms of three years for each prior, for a total sentence of eleven years. This timely appeal followed.

---

[5]Section 667.5, subdivision (f), provides: "(f) A prior conviction of a felony shall include a conviction in another jurisdiction for an offense which if committed in California is punishable by imprisonment in state prison provided the defendant served one year or more in prison for such offense in the other jurisdiction. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law provided the defendant served one year or more in prison for such offense in the other jurisdiction."

### THE PARTIES' CONTENTIONS

Appellant contends that (1) the double jeopardy clauses of the United States and California Constitutions preclude more than one-year enhancement for each prior; and (2) the finding of the truth of the Ohio prior is neither factually nor legally supportable.

The People deny the applicability of the double jeopardy argument, concede that procedural irregularities require retrial of both enhancements, and assert that on retrial appellant may be subjected to a three-year-consecutive sentence for each prior conviction. They further contend that the trial court properly considered the factual basis of the Ohio prior as related in the probation report, and could also have considered the allegations of the 1964 Ohio information in determining that the prior constituted a "violent" felony.

### RATIONALE

We are mindful that the Legislature has stressed the need for enhancement of sentences where perpetrators of violent crimes have been previously convicted of offenses of like nature. This philosophy is manifested by an explanation of legislative intent affixed to section 667.5, subdivision (c)—"The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for such extraordinary crimes of violence against the person."[6]

It is in the light of such legislative guidance that the appellant's assertions of impropriety in the enhancing of his sentence must be examined.

### I. PROCEDURAL INFIRMITY OF THE ENHANCEMENT PROCESS

Appellant makes no direct procedural objection to the pretrial proceedings by which he admitted the California prior and stood trial by

---

[6]Further evidence of legislative intent in dealing with the repetitive commission of violent sexual crimes is found in section 667.6. This section provides for five- or ten-year enhancement of certain sexual offenses of which appellant was convicted when the established priors are of like nature. However, section 667.6, enacted as chapter 944, section 10, of the Statutes of 1979, was not in effect at the time of commission of appellant's crimes, and is thus not applicable here.

the court on the Ohio prior. His concern is directed primarily to the manner in which the one-year enhancements under section 667.5, subdivision (b), were transmuted by the post trial proceedings into three-year enhancements under subdivisions (a) and (c) of that section.

The sentencing court failed to note that appellant had been specifically advised, before his plea and waiver that the consequences of such would result in a maximum one-year enhancement for each prior. Relying on this statement, appellant gave up substantial rights, and then found the consequence of his waivers to be a trebled sentence enhancement.

In *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 516], the Supreme Court announced: "[A]s a judicially declared rule of criminal procedure [citation] an accused, prior to the time the court accepts his admission of an allegation of a prior criminal conviction or convictions, is entitled to be advised: . . .

"*(2) of the precise increase in the term or terms which might be imposed, if any, in the accused's case pursuant to section 644 or other applicable statutes* (see, e.g., §§ 666, 667); . . ." (*Id.* at p. 864.) (Italics added.) The *Yurko* requirements must be specifically and expressly met. (*People v. Hernandez* (1979) 100 Cal.App.3d 637, 642 [160 Cal. Rptr. 607].)

Clearly, appellant was misadvised as to both priors. As to the California prior, he waived his right to a judicial determination of its validity, relying on the court's statement of maximum enhancement of one year. With respect to the Ohio prior, he waived his right to have the prior tried by a jury, again relying on the fact that he had been charged with a "nonviolent" prior felony. The pretrial court, recognizing that such an enhancement is limited to a term of one additional year, inadvertently misled appellant to his ultimate detriment.

The People concede these procedural mishaps, recognize them as constituting *Yurko* error, and recommend remanding both alleged priors to the trial court for further amendment to the information, a new plea, and if necessary, a limited retrial on the truth of the priors. Appellant resists this proposed disposition.

## II.   THE DOUBLE JEOPARDY ARGUMENT

■   Appellant contends that on remand and limited retrial, a sentence exceeding one year for each prior would be violative of the protection against double jeopardy afforded by the federal and state Constitutions. His position lacks merit.

First, the finding that appellant's prior convictions are true must be vitiated because of *Yurko* error in improperly advising him of the consequences of his plea on the enhancements. By granting this relief, we are in effect withdrawing appellant's plea to the California prior, and are setting aside the finding of truth of the Ohio prior. "[T]he ends of justice require that the *status quo ante* be restored . . . ." (*In re Sutherland* (1972) 6 Cal.3d 666, 672 [100 Cal.Rptr. 129, 493 P.2d 857].) (See *People* v. *Serrato* (1973) 9 Cal.3d 753, 765 [109 Cal.Rptr. 65, 512 P.2d 289]; *People* v. *Schuler* (1977) 76 Cal.App.3d 324, 336 [142 Cal. Rptr. 798]; *People* v. *Green* (1977) 66 Cal.App.3d 801, 804-805 [136 Cal.Rptr. 241]; *People* v. *Fisk* (1975) 50 Cal.App.3d 364, 372-373 [123 Cal.Rptr. 414]; Pen. Code, § 1192.5.)

Even though appellant carefully sidestepped allegations of *Yurko* error in this appeal, once he lays his cause at an appellate doorstep he subjects himself to thorough scrutiny of the proceedings below. "It is well established that when the trial court pronounces a sentence which is unauthorized by the Penal Code that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the trial court or the reviewing court. When the mistake is discovered while the defendant's appeal is pending, the appellate court should remand the case for a proper sentence." (*People* v. *Benton* (1979) 100 Cal.App.3d 92, 102 [161 Cal.Rptr. 12], relying on *People* v. *Serrato, supra,* 9 Cal.3d at p. 763; *People* v. *Cabral* (1975) 51 Cal. App.3d 707, 717-718 [124 Cal.Rptr. 418]; and *People* v. *Massengale* (1970) 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237].)

Second, if on retrial the findings as to the truth of the two prior convictions alleged are confirmed, any sentence on the priors other than the three years mandated in section 667.5, subdivision (a), is unauthorized and void.

As this court held in *People* v. *Superior Court (Duran)* (1978) 84 Cal.App.3d 480 [148 Cal.Rptr. 698]: "Without discussing the possible double jeopardy implications a number of California cases support the

conclusion that: '"When a court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the court. [Citations.] If a trial court refuses to correct an illegal sentence, the People may obtain relief in the appellate court by writ of mandate. [Citations.]" (*People v. Massengale*, 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237].) Upon vacation of the unauthorized sentence, a proper judgment may be imposed, even though it is more severe than the sentence originally imposed. (*People v. Serrato*, 9 Cal.3d 753 [109 Cal.Rptr. 65, 512 P.2d 289].)' (*People v. Superior Court (Gonzales), supra*, 78 Cal.App.3d at [134] at p. 143.)

"*.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"In *People v. Taylor* (1971) 15 Cal.App.3d 349, 354 [93 Cal.Rptr. 257], the court, relying upon *Bozza v. United States* (1947) 330 U.S. 160 [91 L.Ed. 818, 67 S.Ct. 645], *Pollard v. United States* (1957) 352 U.S. 354, 361 [1 L.Ed.2d 393, 399, 77 S.Ct. 481], and *Hayes v. United States* (D.C.Cir. 1957) 249 F.2d 516, held the correction of a sentence imposed in violation of statute to conform with the applicable statute does not place a defendant in double jeopardy though the defendant 'has not appealed from the judgment embodying the invalid sentence, has not begun to serve it, and steps to correct it are not initiated by him but by the government.' (At p. 354.) The federal cases cited, as well as other cases, support that view (see *Blankenship v. Parratt* (8th Cir. 1977) 554 F.2d 850; *Kennedy v. United States* (9th Cir. 1964) 330 F.2d 26; *King v. United States* (D.C.Cir. 1938) 98 F.2d 291, 296; see also *State v. Parks* (1941) 67 Ohio App. 96 [36 N.E.2d 42]; 21 Am.Jur.2d, Criminal Law, § 167, p. 232.)" (*Id.* at pp. 486-487.)

Where, as here, appellant is the prime mover in the appeal, he cannot complain, when his brief is successful, that he should not be subjected to a proper reappraisal of statutory sentencing standards upon remand.

As stated in *People v. Serrato, supra*: "[A] defendant who successfully attacks a judgment which is in excess of the court's jurisdiction is not necessarily entitled to claim the protection of that invalid judgment as an absolute limitation upon what the court may do thereafter." (9 Cal. 3d at p. 765.) (See also, *North Carolina v. Pearce* (1969) 395 U.S. 711 [23 L.Ed.2d 656, 89 S.Ct. 2072]; *In re Sandel* (1966) 64 Cal.2d 412 [50 Cal.Rptr. 462, 412 P.2d 806]; *People v. Massengale, supra*, 10 Cal.App.3d 689; *People v. Orrante* (1962) 201 Cal.App.2d 553 [20

Cal.Rptr. 480]; *In re Robinson* (1956) 142 Cal.App.2d 484 [298 P.2d 656].)

We find no constitutional infirmity involved in remand of the prior convictions to the trial court for a retrial limited to the question of the truth or falsity of the priors. On the retrial, if the priors are found to be true, appellant may be sentenced to the term of enhancement mandated by section 667.5 for that category of prior conviction.

### III. THE OHIO PRIOR

Appellant further contends that there was insufficient evidence before the trial court to support the finding that the Ohio prior was true. The principal concern below was whether appellant's incarceration in an Ohio mental health institution was creditable as prison time for satisfaction of the minimum one-year imprisonment required by section 667.5, subdivision (f). Putting this concern aside, we review the contention that the Ohio prior lacks all the elements of the enhancement-felony as that felony is defined under California law.

In order to qualify as a "violent" felony enhancement, the 1964 Ohio sodomy conviction must, to accord with the provisions of subdivision (f) of section 667.5, include "all of the elements of the particular felony as defined under California law ...." The Attorney General suggests that any one of three gauges may be utilized to determine the statutorily mandated congruency of elements. These are (1) factual comparison of the specific evidence upon which the prior conviction was obtained with the elements required for conviction of a similar felony in California; (2) utilization of the charging document in the other jurisdiction to determine its factual basis for comparison with the California elements prescribed; and (3) facial matching of the elements of the out-of-state legislation with those of the California statute.

In the case at bench the California yardstick by which the foreign prior must be measured is those "violent" felonies denominated by section 667.5, subdivision (c). The People contend that if appellant's 1964 Ohio conduct constituted either "...(4) Sodomy by force, violence, duress, menace, or threat of great bodily harm. (5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm. (6) Lewd acts on a child under 14 as defined in Section 288...." appellant is eligible for a three-year sentence enhancement.

The trial court reviewed the probation report and determined that appellant's 1964 Ohio conduct factually comported with all three designated California felonies. On that basis it determined the Ohio conviction was qualified to support a three-year enhancement. This was unwarranted.

■ First, the use of the probation report as evidence that the foreign prior was true was an impermissible use of hearsay. While probation reports are clearly hearsay, they have their proper place in sentencing proceedings as an aid to the court. (*People v. Valdivia* (1960) 182 Cal. App.2d 145, 149 [5 Cal.Rptr. 832]; § 1203d.) However, they may not be utilized as proof in evidentiary hearings to establish the truth of a prior conviction. (*People v. Lo Cicero* (1969) 71 Cal.2d 1186, 1193 [80 Cal.Rptr. 913, 459 P.2d 241]; *People v. Ibarra* (1963) 60 Cal.2d 460, 467-468 [34 Cal.Rptr. 863, 386 P.2d 487]; *In re Tartar* (1959) 52 Cal. 2d 250, 257 [339 P.2d 553].)

■ Second, we conclude that extrinsic evidence may not be used to establish the similarity of California and foreign convictions. We have been referred to no contrary decisions subsequent to enactment in 1976 of the determinate sentencing law (§ 1170 et seq.), and have found none ourselves. However, in dealing with cases under former section 644,[7] concerning habitual criminals, the Supreme Court has been consistent in disallowing the use of extrinsic evidence to establish similarity of out-of-state priors. (*In re Wolfson* (1947) 30 Cal.2d 20, 23 [180 P.2d 326]; *In re McVickers* (1946) 29 Cal.2d 264, 278 [176 P.2d 40].)

Our conclusion also flows from judicial necessity. It avoids geographical and logistic difficulties inherent in California retrials of out-of-state priors. Such retrials would be accompanied by a plethora of conflict of laws issues, both substantive and procedural, would unduly prejudice the defendant, divert the jury's attention from the primary case, and in general, impose insuperable burdens upon the legal processes in the trial courts.

The trial court also had before it the Ohio information upon which his 1964 conviction was based. The People contend that this document is a resource which the court could consider in determining similarity between the Ohio and California statutes, relying on *In re Wolfson, su-*

---

[7]Section 644 was repealed by chapter 1139, Statutes of 1976, operative July 1, 1977. It was, in effect, replaced by section 667.5 on the repeal date.

*pra*, 30 Cal.2d at pages 24-25. This reliance is inapposite. *Wolfson*, in so holding, depended on former section 668 which provided: "Every person who has been convicted in any other state, government, country or jurisdiction of an offense for which, if committed within this state, such person could have been punished under the laws of this state by imprisonment in a state prison, is punishable for any subsequent crime committed within this state in the manner prescribed in Sections 644, 666, and 667, and to the same extent as if such prior conviction had taken place in a court of this state."

Examination of the current equivalent of former section 668 indicates that the Legislature is now more specific in its classification of prior convictions and the manner in which they may be proved. In enacting subdivision (f) of section 667.5 in 1976, it provided: "...A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense which includes all the elements of the particular felony as defined under California law ...." In so limiting the determinant of comparison to the elements of the respective local and foreign crimes, we conclude that the Legislature intended to eliminate recourse to extrinsic matters in classifying crimes subject to term enhancement. Such rejection includes not only the evidentiary facts of the crime as above noted, but the information or indictment which brought the prosecution to the out-of-state court as well.

■ As a general rule, an intention to change the law or the meaning of a statute will be inferred or presumed from a material change in the statutory language, such as where the Legislature makes such an amendment subsequent to judicial decisions interpreting the statute in its former verbiage. (*People* v. *Dixon* (1979) 24 Cal.3d 43, 51-52 [154 Cal.Rptr. 236, 592 P.2d 752]; 58 Cal.Jur.3d, Statutes, § 50, pp. 383-387.) Neither counsel nor this court have found legislative materials dealing with section 667.5 which rebut the presumed legislative intent.

We therefore reject use of the extrinsic resources relied on by the trial court in finding the Ohio prior was true. We advert to consideration of only the elements of the Ohio and California statutes.

Appellant's 1964 Ohio conviction was for sodomy. As defined in section 2905.44, Ohio Revised Code: "No person shall have carnal copulation with a beast, or in any opening of the body, except sexual parts, with another human being. Whoever violates this section is guilty of

sodomy and shall be imprisoned not less than one or more than twenty years." There has been no material change in this section since 1964.

Subdivision (a) of section 667.5 requires that the foreign prior constitute a "violent" felony within the meaning of subdivision (c) of that section in order to invoke a three-year enhancement. Subdivision (c) incorporates the crime of sodomy as "...(4) Sodomy by force, violence, duress, menace, or threat of great bodily harm...."

■ Patently, the Ohio statute does not require pleading or proof of the elements of force, violence, duress, menace, or threat of great bodily injury to sustain a conviction of sodomy. Therefore appellant's Ohio conviction cannot qualify for treatment as a "violent" prior. ■ The question then arises does the Ohio prior meet the requirements of subdivision (b) of section 667.5 as a "nonviolent" felony, subjecting the appellant to a one-year enhancement.

The threshold inquiry involves the date at which the Ohio and California convictions are to be compared. Consensual sodomy was a felony in California at the time of appellant's 1964 Ohio conviction. Section 286 then provided that "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than one year." The facial language of the California statute and the elements contained in it were compatible with the elements of the Ohio statute.

However, effective January 1, 1976, our Legislature amended section 286[8] and provided that the commission of sodomy between consenting adults was no longer a crime. Therefore, at the time of appellant's commission on November 29, 1977, of the offense for which he is currently before the court, the elements of the defined offense of sodomy in Ohio were different from the elements then required for prosecution in California. Consent was not an element in Ohio, while lack of consent was a necessary element in California. Having concluded that we may not permissibly refer to either the underlying facts of the Ohio crime, or the information under which it was prosecuted, we cannot consider, for purposes of comparison, any data concerning the age of the Ohio victim, or whether the act was committed without consent or by violent means.

---

[8]Section 286 as it read on November 29, 1977, provided in pertinent part: "(a) Sodomy is sexual conduct consisting of contact between the penis of one person and the anus of another person.

Determination of the time at which the consideration of similarity of elements is conducted is crucial to appellant. If the date of measurement is the 1964 date of his Ohio conviction, the California and Ohio elements match, and his sentence may be enhanced by an additional year for this prior. If the date of his current offense, November 29, 1977, is determinative, the elements are obviously dissimilar and the Ohio prior must be discarded for sentence enhancement purposes.

Reexamining decisions under the now repealed habitual criminal statute, section 644, indicates that the date of commission of the primary (current) California offense, and only that date, is germane. (*In re Wolfson, supra,* 30 Cal.2d at p. 25; *In re McVickers, supra,* 29 Cal.2d at p. 267; *In re Seeley* (1946) 29 Cal.2d 294, 299 [176 P.2d 24]; *In re Harincar* (1946) 29 Cal.2d 403, 404 [176 P.2d 58].) Further close scrutiny of the provisions of subdivision (f) of present section 667.5 indicates that its use of the phrases "...which if committed in California *is* punishable...in state prison..." (italics added) and "...for an offense *which includes* all of the elements..." (italics added) is pointedly in the present tense.

For these reasons we reach the result that the critical date for comparison of the Ohio and California statutes in this case is November 29, 1977, the date of appellant's commission of his present offense. Applying these conclusions to the Ohio prior, we determine that the elements of the prior are not similar to the like California crime (sodomy) denominated as a "violent" felony on that date. Nor is such out-of-state prior similar to "any" California felony to qualify appellant for enhancement pursuant to subdivision (b) of Penal Code section 667.5.

---

"(b)(1) Any person who participates in an act of sodomy with another person who is under 18 years of age shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year.

"(2) Any person over the age of 21 who participates in an act of sodomy with another person who is under 16 years of age shall be guilty of a felony.

"(c) Any person who participates in an act of sodomy with another person who is under 14 years of age and more than 10 years younger than he, or who has compelled the participation of another person in an act of sodomy by force, violence, duress, menace, or threat of great bodily harm, shall be punished by imprisonment in the state prison for two, three or four years.

"(d) Any person who, while voluntarily acting in .concert with another person, either personally or by aiding and abetting such other person, commits an act of sodomy by force or violence and against the will of the victim shall be punished by imprisonment in the state prison for three, four or five years...."

The Ohio prior not qualifying as a prior conviction under current California statutes, no purpose would be served by remanding this conviction for retrial.[9]

## CONCLUSION

We therefore affirm the convictions on the substantive offenses, but reverse the sentence enhancements, remanding the matter to the trial court for a limited retrial. We hold, however, that the retrial shall involve only the truth or falsity of the California prior, without restriction to its proper charge and proof pursuant to subdivisions (a) and (c) of Penal Code section 667.5, and without limitation as to the length of any legal sentence enhancement available to the trial court.

We further decide that the Ohio prior is not cognizable as a prior conviction for enhancement purposes under any provision of the Penal Code as the elements of the Ohio offense as charged did not match the elements of any California offense at the time of commission of appellant's present substantive crimes. As a corollary, we conclude that this deficiency may not be remedied by resort to the underlying facts of the Ohio conviction, whether obtained from the face of the Ohio pleadings or by resort to legally admissible extrinsic evidence.[10]

Hopper, Acting P. J., and Hanson (P. D.), J., concurred.

---

[9]Having so decided, there is no need to consider appellant's contention as to whether service of time in a mental hospital constitutes time served in prison within the meaning of 667.5, subdivision (h).

[10]Upon remand, the information, as it relates to the priors, may be amended in accordance with Penal Code section 969a to the same extent as it could have been amended before appellant initially entered his plea to the original information.