[Crim. No. 39446. Second Dist., Div. Three. Dec. 30, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
NEIL ALLAN CHERI, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and J. Courtney Shevelson, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COBEY, Acting P. J.**—Defendant, Neil Allan Cheri, also known as David Russell Francis,[1] appeals from a judgment on a jury verdict convicting him of one count of burglary. (Pen. Code, § 459.) The sole issue on appeal is whether the trial court exceeded its jurisdiction in including within its sentence a one-year enhancement for a prior felony conviction in a foreign jurisdiction.

### STATEMENT OF THE CASE

On June 12, 1980, the prosecutor filed an information charging defendant with burglary under Penal Code section 459. Two months later, on August 18, 1980, the prosecutor filed an amended information alleging two prior felony convictions, one in California and the other in Washington.[2] Defendant requested a jury trial on the issues of his guilt and of his two prior convictions. He also made a motion to bifurcate the proceeding in order to avoid possible prejudice on the issue of guilt by the admission of evidence of his two prior convictions. (See *People* v. *Bracamonte* (1981) 119 Cal.App.3d 644, 649 [174 Cal.Rptr. 191].) When the court denied his motion to bifurcate, defendant admitted his prior convictions and moved to exclude them on the ground that they were no longer at issue. The court advised defendant of his constitutional rights and then accepted his admission of his two prior convictions. On December 17, 1980, the jury returned a verdict of guilty and, as noted at the outset of this opinion, the court included in its sentence a one-year enhancement for his prior Washington conviction.

---

[1]At trial, defendant testified that his true name was, however, David Russell Francis. We have used his name designations as set out in the caption of this case to avoid confusion.

[2]The allegation with respect to the Washington prior conviction reads: "It is further alleged that said defendant, NEIL ALLAN CHERI, aka DAVID RUSSEL FRANCIS, was on and about the 6th day of February 1975, in the Superior Court of the State of Washington County of Clark [convicted] for the crime of 2nd degree burglary, a felony, in violation of Section 9.19.020 of the Washington Criminal Code, and he has not remained free of prison custody for five years immediately preceeding [*sic*] the filing of the first accusatory pleading in this case, within the meaning of Penal Code Section 667.5(b)."

## DISCUSSION

The one-year sentence enhancement for defendant's prior Washington conviction was imposed pursuant to Penal Code section 667.5, subdivision (b).[3] Under subdivision (f) of the section, however, a court may impose an enhancement for a prior conviction in a foreign jurisdiction only if, among other things, the foreign conviction was for an offense which included all of the elements of the comparable California crime and would be punishable in California by imprisonment in state prison.[4] Defendant claims that his Washington conviction fails to satisfy the all elements requirement, and that the trial court therefore lacked jurisdiction under the section to impose the enhancement.

Defendant had been convicted in 1975 under a second degree burglary provision of the Washington Criminal Code, which defined the offense as follows: "Every person who, *with intent to commit some crime therein* shall, under circumstances not amounting to burglary in the first degree, enter the dwelling house of another or break and enter, or, having committed a crime therein, shall break out of, any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years." (Former Rev. Code Wash., § 9.19.020, Laws 1909, ch. 249, § 327, p. 989.) (Italics supplied.) Entry with intent to commit any misdemeanor would therefore satisfy the applicable Washington definition. On the other hand, burglary of any degree in California requires entry with "intent to commit grand or petit larceny

---

[3]At all times material hereto this subdivision provided in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

"   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(b) ... [W]here the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

[4]At all times material hereto this subdivision read: "A prior conviction of a felony shall include a conviction in another jurisdiction for an offense which if committed in California is punishable by imprisonment in state prison provided the defendant served one year or more in prison for such offense in the other jurisdiction. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law provided the defendant served one year or more in prison for such offense in the other jurisdiction."

or any felony." (See Pen. Code, § 459.) Defendant's Washington conviction could thus have involved conduct not amounting to burglary under the California law.

■ Although defendant admitted the prior conviction, that admission is irrelevant if it pertains to conduct not included in the statutory definition. (See *In re Lynch* (1972) 8 Cal.3d 410, 414 [105 Cal.Rptr. 217, 503 P.2d 921]; *People v. Gayther* (1980) 110 Cal.App.3d 79, 87 [167 Cal.Rptr. 700].) There is presently a split of authority in this court as to whether the prosecution may introduce extrinsic evidence to prove congruence between an out-of-state conviction and California law where the out-of-state statute on its face fails to meet the requirements of Penal Code section 667.5, subdivision (f). (See *People v. Hickey* (1980) 109 Cal.App.3d 426 [167 Cal.Rptr. 256]; *People v. Crowson*■ (Cal.App.). ■ After examining this conflicting authority, we believe it preferable to allow the trial court to examine any evidence of record with respect to the foreign conviction which establishes that the offense of which the defendant was there convicted actually contains all the elements necessary under California law. Limiting such evidence to matters of record permits the People to prove their case for enhancement without requiring the court to retry the defendant for the out-of-state offense. (See *People v. Hickey, supra*, 109 Cal.App.3d at p. 438.)

■ Evidence presently of record herein with respect to defendant's prior Washington conviction reveals only that he pled guilty to a charge of feloniously entering the home of another "with intent to commit a crime therein."[5] Defendant's Washington record thus mirrors the ambiguity of the statute under which he was convicted and does not answer the question whether this conviction meets the requirements of Penal Code section 667.5, subdivision (f). Accordingly, the prosecution has

---

[5]The Washington information reads in pertinent part: "COMES NOW the Prosecuting Attorney in and for Clark County, State of Washington, and does by this inform the Court that the above named defendant is guilty of a crime committed as follows, to-wit:

"That he, the said David Russell Francis did, in the County of Clark, State of Washington, on or about the 24th day of July, 1973, then and there with intent to commit a crime therein, wilfully, unlawfully and feloniously enter the dwelling house of another, to-wit: the dwelling of Robert K. Fisher situated at Rt. 1, Box 562, Battle Ground, Washington, the same being a dwelling wherein property was then and there kept for use by the owner thereof, in violation of RCW 9.19.020, ..."

The People and defendant, through counsel, stipulated at oral argument before this court that a true copy of this Washington information might be added to the record before us.

failed to prove that defendant's prior foreign conviction qualifies under subdivision (f) (see Pen. Code, §§ 667.5, subd. (d); 1170.1, subd. (e)) and the one-year enhancement should be stricken.

## DISPOSITION

The judgment below is modified by striking from the sentence portion thereof the one-year enhancement imposed pursuant to Penal Code section 667.5, subdivision (f). As so modified, the judgment is affirmed.

Potter, J., and Lui, J., concurred.